[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 365.]

THE STATE EX REL. MCCLEARY, APPELLEE, *v*. ROBERTS, APPELLANT.

[Cite as *State ex rel. McCleary v. Roberts*, 2000-Ohio-345.]

*Public records—Personal information of private citizens, obtained by a "public office," reduced to writing and placed in record form and used by the public office in implementing some lawful regulatory policy, is not a "public record" as contemplated by R.C. 149.43.*

Personal information of private citizens, obtained by a "public office," reduced to writing and placed in record form and used by the public office in implementing some lawful regulatory policy, is not a "public record" as contemplated by R.C. 149.43.

(No. 99-316—Submitted December 1, 1999—Decided April 12, 2000.)

APPEAL from the Court of Appeals for Franklin County, No. 98AP-224.

————————————

{¶ 1} In May 1996, the city of Columbus ("City") implemented a photo identification program for its Recreation and Parks Department ("Department"). The program was instituted primarily to combat the increased incidence of violent behavior and vandalism at City swimming pools. The photo identification program requires parents of children who use City pools and other recreation facilities to provide certain personal information regarding their children. Parents provide the Department with the names, home addresses, family information, emergency contact information, and medical history information of participating children and, in return, each child is provided a photographic identification card to present when using pools and recreation centers. Apparently, as a result of the implementation of the identification system, the Department experienced a marked decrease in violence and unruliness at City pools.

**{¶ 2}** In November 1996, appellee, Cornell McCleary, requested a copy of the Department's electronic database, which contained the personal, identifying information regarding those children who were participating in the photo identification program. Wayne A. Roberts, Assistant Director of Recreation for the Department and appellant herein, refused to release the database and provide appellee with the requested information.

**{¶ 3}** On January 24, 1997, appellee filed a complaint in the Court of Common Pleas of Franklin County, seeking a writ of mandamus. The complaint sought, pursuant to R.C. 149.43, Ohio's Public Records Law, to compel appellant to provide appellee a copy of the photo identification program database. The trial court granted summary judgment to appellant. The trial court held that the information requested by appellee did not qualify as a public record. Specifically, the trial court determined that the information sought, although in the custody of a public office, was not a "record" as defined by R.C. 149.011(G). Further, the trial court concluded that certain portions of the requested information included "medical records" and thus were exempt from disclosure pursuant to R.C. 149.43(A)(3), now (A)(1)(a).

**{¶ 4}** Appellee appealed to the Court of Appeals for Franklin County. The court of appeals reversed the trial court's decision granting summary judgment and remanded the matter to the trial court with instructions to grant appellee's requested writ of mandamus.

**{¶ 5}** The matter is now before this court upon the allowance of a discretionary appeal.

———————————

*Cornell H. McCleary, pro se.*

*Janet E. Jackson*, Columbus City Attorney, and *Daniel W. Drake,* Chief Counsel, for appellant.

*Betty D. Montgomery,* Attorney General, *Mark R. Weaver,* Special Counsel, and *Lisa Wu Fate,* Assistant Attorney General, urging reversal for *amicus curiae* Attorney General of Ohio.

*Barry M. Byron, Stephen L. Byron* and *John Gotherman,* urging reversal for *amicus curiae* Ohio Municipal League.

————————————

**DOUGLAS, J.**

{¶ 6} The issue presented for our review is whether the Department's database containing certain personal, identifying information regarding children who use the City's recreational facilities is a public record subject to disclosure pursuant to R.C. Chapter 149, Ohio's Public Records Act.  Subject to certain enumerated exceptions, a "public record" is defined by R.C. 149.43(A)(1) as "any *record* that is kept by any public office, including, but not limited to, state, county, city, village, township, and school district units * * *."  (Emphasis added.)  R.C. 149.43(B) provides that "[a]ll public records shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours."

{¶ 7} There is no dispute that the requested information is under the custody and control of a public office.  The City's Recreation and Parks Department clearly falls under the statutory definition of "public office" as set forth in R.C. 149.011(A).[1]  Nonetheless, in order to resolve the issue under consideration, we must determine whether the information sought is a "record" as that term is defined by R.C. 149.011(G).  If we conclude that the information is a "record," and the information does not fit within one of the exceptions in R.C. 149.43, then appellee would be entitled to the requested information.

_____

1. R.C. 149.011 provides:
   "(A) 'Public office' includes any state agency, public institution, political subdivision, or any other organized body, office, agency, institution, or entity established by the laws of this state for the exercise of any function of government."

**{¶ 8}** The court of appeals held that the trial court erred when it concluded that the information sought by appellee did not constitute a "record" pursuant to R.C. 149.011(G). R.C. 149.011 provides:

"(G) 'Records' includes any document, device, or item, regardless of physical form or characteristic, created or received by or coming under the jurisdiction of any public office of the state or its political subdivisions, *which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office.*" (Emphasis added.)

**{¶ 9}** The contention that the information requested in this matter does not fall under the statutory definition of "record" in R.C. 149.011(G) is well taken. For the reasons that follow, we conclude that the information requested by appellee is not a "record" as that term is contemplated by Ohio's Public Records Act.

**{¶ 10}** In *State ex rel. Fant v. Enright* (1993), 66 Ohio St.3d 186, 188, 610 N.E.2d 997, 999, we emphasized that "not all items in a personnel file may be considered public records. A 'public record' is 'any record that is kept by any public office * * *.' R.C. 149.43(A)(1). However, a 'record' is something that is 'created or received by or coming under the jurisdiction of any public office * * * which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office.' R.C. 149.011(G). To the extent that any item contained in a personnel file is not a 'record,' *i.e.,* does not serve to document the organization, etc., of the public office, it is not a public record and need not be disclosed. To the extent that an item is not a public record and is 'personal information,' as defined in R.C. 1347.01(E), a public office 'would be under an affirmative duty, pursuant to R.C. 1347.05(G), to prevent its disclosure.' " (Footnotes omitted.) In this regard, R.C. 1347.05(G) provides that all government agencies that maintain personal information systems shall "[t]ake

reasonable precautions to protect personal information in the system from unauthorized modification, destruction, use, or disclosure."[2]

{¶ 11} The information sought by appellee was created by and is under the custody of a public office, the Department.  However, the specific information requested consists of certain personal information regarding children who participate in the Department's photo identification program.  Standing alone, that information, *i.e.,* names of children, home addresses, names of parents and guardians, and medical information, does nothing to document any aspect of the City's Recreation and Parks Department.

{¶ 12} In *United States Dept. of Justice v. Reporters Commt. for Freedom of the Press* (1989), 489 U.S. 749, 109 S.Ct. 1468, 103 L.Ed.2d 774, the United States Supreme Court held that "as a categorical matter * * * a third party's request for law enforcement records or *information about a private citizen* can reasonably be expected to invade that citizen's privacy * * *." (Emphasis added.) *Id.* at 780, 109 S.Ct. at 1485, 103 L.Ed.2d at 800.  In addressing the statutory purpose of the Freedom of Information Act ("FOIA"), Section 552(b)(7)(C), Title 5, U.S.Code, the federal counterpart to R.C. Chapter 149, the Supreme Court stated that the basic purpose of the FOIA is " 'to open agency action to the light of public scrutiny.' " *Id.* at 772, 109 S.Ct. at 1481, 103 L.Ed.2d at 795, quoting *Dept. of Air Force v. Rose* (1976), 425 U.S. 352, 372, 96 S.Ct. 1592, 1604, 48 L.Ed.2d 11, 27.  In that regard, the court reasoned that "[o]fficial information that sheds light on an agency's performance of its statutory duties falls squarely within that statutory purpose.  That purpose, however, is not fostered by disclosure of information about

---

2. Note that R.C. 1347.08(A) provides that "[e]very state or local agency that maintains a personal information system, upon the request and the proper identification of any person *who is the subject of the personal information in the system*, shall:
" * * *
"(2) * * * permit the person, the person's legal guardian, or an attorney who presents a signed written authorization made by the person, to inspect all personal information in the system of which the person is the subject." (Emphasis added.)

private citizens that is accumulated in various governmental files but that reveals little or nothing about an agency's own conduct. In this case—and presumably in the typical case in which one private citizen is seeking information about another— the requester does not intend to discover anything about the conduct of the agency that has possession of the requested records. Indeed, response to this request would not shed any light on the conduct of any Government agency or official." *Reporters Commt.* at 773, 109 S.Ct. at 1481, 103 L.Ed.2d at 795-796. The Supreme Court thus concluded in *Reporters Commt.* that "when the request seeks no 'official information' about a Government agency, but merely records what the Government happens to be storing, the invasion of privacy is 'unwarranted.' " *Id.* at 780, 109 S.Ct. at 1485, 103 L.Ed.2d at 800.

{¶ 13} In *Kallstrom v. Columbus* (C.A.6, 1998), 136 F.3d 1055, 1064-1065, the Sixth Circuit Court of Appeals used similar reasoning to exempt from disclosure certain personal information contained in the personnel files of law enforcement officers. In *State ex rel. Keller v. Cox* (1999), 85 Ohio St.3d 279, 282, 707 N.E.2d 931, 934, we relied on *Kallstrom* and exempted essentially identical information from disclosure. In *Kallstrom*, the federal court determined that disclosure of the information sought would do nothing to further the public's knowledge of the internal workings of governmental agencies. Thus, the *Kallstrom* court concluded that the release of the information to any member of the public did not serve the important public interest of ensuring government accountability. *Id.* at 1065.

{¶ 14} The rationale espoused in the above-referenced cases is equally applicable to the instant action. The existence of the Department's photo identification program has been well documented. It is no secret as to when the program was initiated, the purpose of the program, how the program operates, and the effect it has had in making the City's recreational facilities safer and more manageable. It is also no secret that the Department possesses certain personal information, voluntarily provided, of those children who use the City's swimming

pools and recreational facilities. We fail to see how release of the requested information to appellee, or anyone else, would provide any further insight into the operation of the Department's photo identification program than that already available.

{¶ 15} We recognize that "[o]ne of the salutary purposes of the Public Records Law is to ensure accountability of government to those being governed." *State ex rel. Strothers v. Wertheim* (1997), 80 Ohio St.3d 155, 158, 684 N.E.2d 1239, 1242. Inherent in Ohio's Public Records Law is the public's right to monitor the conduct of government. However, in the instant matter, disclosing the requested information would do nothing to further the purposes of the Act.

{¶ 16} Moreover, the personal information requested is not contained in a *personnel* file. At issue here is information regarding children who use the City's swimming pools and recreational facilities. The subjects of appellee's public records request are not employees of the government entity having custody of the information. They are children—private citizens of a government, which has, as a matter of public policy, determined that it is necessary to compile private information on these citizens.[3] It seems to us that there is a clear distinction between public employees and their public employment personnel files and files on private citizens created by government.[4] To that extent the personal information requested by appellee is clearly outside the scope of R.C. 149.43 and not subject to disclosure. See *State ex rel. Dispatch Printing Co. v. Wells* (1985), 18 Ohio St.3d 382, 385, 18 OBR 437, 439, 481 N.E.2d 632, 634-635.

---

3. Whether this is or is not a proper function of government (to acquire, compile, and create a private file on individual citizens) is a question not now before us.

4. It is conceivable that a police agency, or any other public office agency, could create a "private" file on any citizen and that the file could contain fiction as well as fact, untruth as well as truth. Once the information in any such file is released as a "public record," the argument would go, of course, that all the information must be fact and truthful because, after all, it comes directly from an "official" file. Once the information is disseminated and published, the damage is done.

**{¶ 17}** Because the information sought herein is not a "record," as defined by R.C. 149.011(G), it follows that it cannot be a "public record" as that term is contemplated by R.C. 149.43(A)(1). We, therefore, find that personal information of private citizens, obtained by a "public office," reduced to writing and placed in record form and used by the public office in implementing some lawful, regulatory policy is not a "public record" as contemplated by R.C. 149.43.

**{¶ 18}** However, even if we were to conclude that the requested information is a "record" for purposes R.C. Chapter 149, appellee still would not be entitled to the requested writ of mandamus.

**{¶ 19}** Appellant contends that the information sought is exempt under R.C. 149.43(A)(1)(p), now (q). This section of the Public Records Act specifically excepts from disclosure any record "the release of which is prohibited by state or federal law." Specifically, appellant urges that the records in contention are protected by the fundamental right to privacy founded in the Fourteenth Amendment Due Process Clause of the United States Constitution. In *State ex rel. Natl. Broadcasting Co. v. Cleveland* (1988), 38 Ohio St.3d 79, 526 N.E.2d 786, paragraph two of the syllabus, we held that "[a] governmental body refusing to release records has the burden of proving that the records are excepted from disclosure by R.C. 149.43." See, also, *State ex rel. James v. Ohio State Univ.* (1994), 70 Ohio St.3d 168, 169, 637 N.E.2d 911, 912. Assuming, *arguendo,* that the information requested herein is a public record pursuant to R.C. 149.43(A)(1), we conclude that the Department has met its burden of proving that the information is exempt from disclosure.

**{¶ 20}** In *State ex rel. Keller v. Cox*, *supra*, we recognized a constitutional right of privacy in certain personal information contained in the personnel files of law enforcement officers. *Keller* involved a public records request whereby an Assistant Federal Public Defender sought access to all personnel and internal affairs records relating to a Miami County Sheriff's Detective. We noted in *Keller* that

this information should be protected not only by the constitutional right of privacy, but, also, that there should be a "good sense" rule when such information is sought. In reaching our conclusion, we reasoned that personnel files containing the names of police officers' children, spouses, parents, home addresses, telephone numbers, medical information, and similar information should not be available to anyone "who might use the information to achieve nefarious ends." *Id.,* 85 Ohio St.3d at 282, 707 N.E.2d at 934.

**{¶ 21}** Our decision in *Keller* was based on the Sixth Circuit Court of Appeals case of *Kallstrom v. Columbus*, *supra*. *Kallstrom* involved a factual situation essentially identical to *Keller*. The federal court of appeals held in *Kallstrom* that the police officers' privacy interest in the personal information contained in their personnel records implicated a fundamental liberty interest in preserving their lives and the lives of their family members, as well as preserving their personal security and bodily integrity. *Id.*, 136 F.3d at 1062.

**{¶ 22}** The information sought in the case at bar is no different from that information prohibited from disclosure in *Keller* and *Kallstrom, supra*. The officers' personnel files in *Keller* and *Kallstrom* contained essentially the same type of information, *i.e.,* home addresses, phone numbers, names of family members, and medical records, as that contained in the Department's database. As did the situations in *Keller* and *Kallstrom*, a release of the requested information by the Department in this matter places those who are the subject of the records request at risk of irreparable harm, albeit not necessarily by appellee.

**{¶ 23}** Furthermore, any perceived threat that would likely follow the release of such information, no matter how attenuated, cannot be discounted. We live in a time that has commonly been referred to as The Information Age. Technological advances have made many aspects of our lives easier and more enjoyable but have also made it possible to generate and collect vast amounts of personal, identifying information through everyday transactions such as credit card

purchases and cellular telephone use. The advent of the Internet and its proliferation of users has dramatically increased, almost beyond comprehension, our ability to collect, analyze, exchange, and transmit data, including personal information.

{¶ 24} In that regard, it is not beyond the realm of possibility that the information at issue herein might be posted on the Internet and transmitted to millions of people. Access to the Internet presents no difficulty. Anyone with a personal computer can transmit and receive information on line via the Internet. This court has long recognized that children possess certain fundamental rights, among which are the right "to be free from physical, sexual and other abuses." *In re Schmidt* (1986), 25 Ohio St.3d 331, 335, 25 OBR 386, 390, 496 N.E.2d 952, 956. Because, unfortunately, we live in a society where children all too often fall victim to abuse, it is necessary to take precautions to prevent, or at least limit, any opportunities for victimization.

{¶ 25} We do not suggest that appellee poses any threat to the safety of the children who are the subject of the records sought. There is nothing in the record before this court, or otherwise, that indicates that appellee intends any harm to these children. However, in *Kallstrom* the court noted that disclosure of personal information, even to a benevolent organization posing no apparent threat to the safety of the officers or their families, increases the risk that the information will fall into the wrong hands. *Id.,* 136 F.3d at 1064.

{¶ 26} Moreover, this court in *Keller* and the federal court in *Kallstrom* were not unmindful that the release of such personal information could increase the potential for harm to those least able to protect themselves. Those decisions sought not only to protect police officers but the officers' family members as well.

{¶ 27} The case now before us is no different. Because of the inherent vulnerability of children, release of personal information of this nature creates an

unacceptable risk that a child could be victimized. We cannot in good conscience take that chance.

**{¶ 28}** We therefore hold that appellant is under no obligation, statutory or otherwise, to make available the information sought by appellee in this matter. Accordingly, we reverse the judgment of the court of appeals and deny appellee's requested writ of mandamus.

*Judgment reversed*
*and writ denied.*

MOYER, C.J., RESNICK, F.E. SWEENEY and LUNDBERG STRATTON, JJ., concur.

PFEIFER, J., concurs separately.

COOK, J., concurs in part and dissents in part.

———————————

**PFEIFER, J., concurring**.

**{¶ 29}** I fully agree with the majority opinion that the database at issue in this case is not a record, and that if it were a record it would not be public because of the children's right to privacy. *State ex rel. Beacon Journal Publishing Co. v. Akron* (1994), 70 Ohio St.3d 605, 640 N.E.2d 164.

**{¶ 30}** It merits mention that according to McCleary, he originally sought access to the database in an attempt to recruit urban youngsters for the Boy Scouts. But, as McCleary later said during oral argument, he became concerned that the parks department might be sharing its database with Columbus police to target unruly children. Whether that is a valid concern is undeveloped in the record, but I would caution that the children's privacy rights to the information they provided the parks department extends not just to private citizens but to other city agencies as well.

———————————

**COOK, J., concurring in part and dissenting in part.**

**{¶ 31}** The majority opinion consists of two main parts. First, the majority decides that the information sought by the relator does not meet the definition of "record" in R.C. 149.011(G) and that for this reason it cannot be a "public record" under R.C. 149.43(A)(1). The majority's syllabus stems from this first step. Second, the majority decides that even if the requested information constitutes a "public record," the information is nonetheless exempt from disclosure under former R.C. 149.43(A)(1)(p), now (q). Though I agree that the decisional law of this court leads to the conclusion that the names, addresses, telephone numbers, family information, and medical records of the children enrolled in the city's database are exempt from disclosure in this case, I write to address concerns raised by both steps of the majority's analysis.

**{¶ 32}** The majority could have resolved this case solely on the basis of its second step, by applying the R.C. 149.43(A)(1)(q) exemption for records protected from public disclosure by state or federal law. Instead, the majority takes its first step, and creates new syllabus law that arguably restricts the definition of "public record" in a manner that could undermine the disclosure-oriented purpose of the Public Records Act in future cases. See *State ex rel. The Miami Student v. Miami Univ.* (1997), 79 Ohio St.3d 168, 171, 680 N.E.2d 956, 959 ("inherent in R.C. 149.43 is the fundamental policy of promoting open government, not restricting it").

**{¶ 33}** I do not find that the applicable precedent warrants this potentially restrictive step. Though the majority relies on this court's decision in *State ex rel. Keller v. Cox* and the Sixth Circuit case *Kallstrom v. Columbus*, both of these cases were decided on the basis of the privacy exemption to the Public Records Act. Neither case went so far as to say that the requested information could never fit the definition of a "public record." See *State ex rel. Keller v. Cox* (1999), 85 Ohio St.3d 279, 282, 707 N.E.2d 931, 934; *Kallstrom v. Columbus* (C.A.6, 1998), 136 F.3d 1055, 1059. *Kallstrom*, especially, calls into question the breadth of the

12

majority's syllabus. There, the Sixth Circuit expressly found that "there may be situations in which the release of * * * personal information might further the public's understanding of the workings of its * * * agencies." *Id.* at 1065. The majority's syllabus contradicts this aspect of *Kallstrom* by declaring that "personal information" can never meet the definition of "public record."

{¶ 34} I also question the scope of the majority's second step, where the majority applies the exemption from R.C. 149.43(A)(1)(q). I have voiced a similar concern before. See *Keller*, 85 Ohio St.3d at 282-284, 707 N.E.2d at 934-935 (Cook, J., dissenting). In *Keller*, I concluded that the constitutional right to privacy did not necessarily exempt from disclosure the *entire contents* of the requested personnel files and investigative reports. *Id.* at 283, 707 N.E.2d at 935. Here again, I am unpersuaded that the entire contents of the city's electronic database necessarily comes within the applicable exemption. For example, the database likely includes a template upon which the appropriate data is entered. It would seem that the *questions asked* by the agency on such a template, unadorned by personal responses, would fit the definition of "record"—but not the constitutional privacy exemption in R.C. 149.43(A)(1)(q)—and would, therefore, be subject to disclosure. This court has previously held that exempt information can be redacted from nonexempt records so that the nonexempt portions remain subject to disclosure. See, *e.g.*, *State ex rel. WLWT-TV5 v. Leis* (1997), 77 Ohio St.3d 357, 673 N.E.2d 1365; *Franklin Cty. Sheriff's Dept. v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 498, 589 N.E.2d 24, paragraph one of the syllabus.

{¶ 35} Though I agree with the majority that the names, addresses, phone numbers, family information, and medical information of the children registered in the city's identification database are exempt from disclosure under this court's decisional law in *Keller v. Cox*, I do not join the syllabus, and I am not convinced that the entire contents of the city's electronic database are exempt from disclosure under R.C. 149.43(A)(1)(q).

---