[Cite as *Brown v. Cleveland*, 2019-Ohio-1819.]

| | |
|---|---|
| KIMBERLY F. BROWN OF THE BROWN REPORT NEWSPAPER | Case No. 2018-01426PQ |
| Requester | Special Master Jeffery W. Clark |
| v. | REPORT AND RECOMMENDATION |
| CITY OF CLEVELAND | |
| Respondent | |

**{¶1}** On September 29, 2018, requester Kimberly Brown made a public records request to respondent City of Cleveland:

> Please submit the minutes, the agenda and attendance record from the closed and private meeting between Councilperson Joseph Jones of Cleveland WARD ONE and the residents of Cloverside Ave between the dates of August 13th and Friday September 21, 2018. This issue is regarding the Secondary Street Signage for Saniyah Nicholson who was killed in Cleveland WARD ONE on June 20, 2018. The meeting was said to be held at the Harvard Community Center.

(Complaint at 3.) The Cleveland Public Records Center acknowledged the request and advised that Brown her "request will be forwarded to the relevant City department(s) to locate the information you seek * * *. You will be contacted about the availability and/or provided with copies of the records in question." *Id.* Brown received no further contact.

**{¶2}** On November 7, 2018, Brown filed a complaint pursuant to R.C. 2743.75 alleging denial of access to public records in violation of R.C. 149.43(B). On January 3, 2019, the court was notified that mediation had failed to resolve all disputed issues. On January 17, 2019, respondent filed an answer and a motion to dismiss, in which it asserts that it has now provided all responsive records except for residential addresses given by attendees on the sign-in sheet for the meeting. Cleveland filed a copy of the records produced (Answer, Exh. A) and an unredacted copy of the sign-in sheets (under

seal). On February 15, 2019, Cleveland filed a supplemental response and affidavit. On March 18, 2019, Cleveland filed a second supplemental response and affidavit.

**Burden of Proof**

{¶3} In an action under R.C. 2743.75, the burden is on the requester to prove an alleged violation by clear and convincing evidence. *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.)*.* This burden extends to showing that the request was for items kept by the public office that meet the definition of a "record."

> *[A] requester must establish* that they are (1) documents, devices, or items, (2) created or received by or coming under the jurisdiction of CMHA, (3) which serve to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office. See *State ex rel. Dispatch Printing Co. v. Johnson*, 106 Ohio St.3d 160, 2005 Ohio 4384, 833 N.E.2d 274, ¶ 19.

(Emphasis added.) *State ex rel. O'Shea & Assocs. Co., L.P.A. v. Cuyahoga Metro. Hous. Auth.*, 131 Ohio St.3d 149, 2012-Ohio-115, 962 N.E.2d 297, ¶ 23. Thus, the burden is on the requester to show that disputed items meet the definition of "record" contained in R.C. 149.011(G). *Contra Hurt v. Liberty Twp.* at ¶ 75-78 (office bears burden to prove non-record status, as the substantial equivalent of an "exception" to disclosure).

**Purpose of the Public Records Act**

{¶4} The purpose of the Public Records Act "is to expose government activity to public scrutiny, which is absolutely necessary to the proper working of a democracy." *State ex rel. WHIO-TV-7 v. Lowe*, 77 Ohio St.3d 350, 355, 673 N.E.2d 1360 (1997). Further,

> the people's right to know includes 'not merely the right to know a governmental body's final decision on a matter, but the ways by which those decisions were reached.' See *State ex rel. Gannett Satellite Information Network v. Shirey* (1997), 78 Ohio St.3d 400, 404, 1997 Ohio 206, 678 N.E.2d 557, citing *White*, 76 Ohio St.3d at 419, 667 N.E.2d 1223.

*Kish v. Akron*, 109 Ohio St.3d 162, 2006-Ohio-1244, 846 N.E.2d 811, ¶ 26.

> The broad language used in R.C. 149.43 manifests the General Assembly's intent to jealously protect the right of the people to access public records. We are acutely aware of the importance of the right provided by the act and the vulnerability of that right when the records are in the hands of public officials who are reluctant to release them.

*Rhodes v. City of New Phila.*, 129 Ohio St.3d 304, 2011-Ohio-3279, 951 N.E.2d 782, ¶ 21. Courts and records custodians may not "create new exceptions to R.C. 149.43 based on a balancing of interests or generalized privacy concerns" so as to withhold records that are plainly non-exempt. *State ex rel. WBNS TV, Inc. v. Dues*, 101 Ohio St.3d 406, 2004-Ohio-1497, 805 N.E.2d 1116, ¶ 30-39. Therefore, the Act is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records. *State ex rel. Glasgow v. Jones,* 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 13.

**Motion to Dismiss**

{¶5} Cleveland asserts that Brown fails to state a claim for relief because the addresses provided by attendees at a "Special Meeting for Residents of Cloverside Avenue" are not "records" of Cleveland. In construing a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). Then, before the court may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975).

{¶6} Brown attached to her complaint a copy of a letter from Cleveland City Council Member Joe Jones to Marshwanette M. Daniels that stated, in part:

> I am writing you for two reasons: to let you know the results of a meeting held earlier this month regarding secondary street signage in memory of your daughter and to offer another way to honor Saniya's memory.

> While expressing great sympathy, *residents of Cloverside Avenue voted* against adding the secondary name. *As the councilman of Cleveland's Ward 1 I must respect their wish*es.

(Emphasis added.) (Complaint at 2.) The letter is copied to the President of the Cleveland City Council and to six other state and local officials. The letter indicates that Councilman Jones was acting in his official capacity in holding the meeting, and then represented to a person requesting a memorial for her daughter that "residents of Cloverside Avenue" had voted against adding her name to their street signage.

{¶7} On the face of the complaint and attachments, Brown makes a sufficient assertion that records of the meeting, including any documenting the residence location of persons in attendance and/or voting, document a formal governmental activity conducted by Councilman Jones. I find the complaint states a sufficient basis on which relief may be granted under R.C. 149.43(C) and R.C. 2743.75. I recommend that the court deny the motion to dismiss and determine the claim on the merits.

**Suggestion of Mootness**

{¶8} During litigation, Cleveland provided Brown with copies of the meeting flyer, invitation, agenda, redacted sign-in sheets, and the letter reporting results of the vote. (Answer, Exh. A.) I recommend that the court find the claim is moot to the extent these records have been disclosed. The remaining issue for consideration is whether the addresses provided by meeting attendees were properly redacted as non-records.

**Records vs. Non-Records**

"Records" are defined in R.C. 149.011(G) as including:

> any document, device, or item, regardless of physical form or characteristic, * * * created or received by or coming under the jurisdiction of any public office of the state or its political subdivisions, which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office.

The definition of "record" does not include every piece of paper on which a public officer writes something, or every document received by a public office. *State ex rel. Cincinnati Enquirer v. Ronan*, 127 Ohio St.3d 236, 2010-Ohio-5680, 938 N.E.2d 347,

¶ 13. R.C. 149.011(G) requires more than mere receipt and possession of an item for it to be a record for purposes of R.C. 149.43. *State ex rel. Beacon Journal Publ'g Co. v. Whitmore*, 83 Ohio St.3d 61, 64, 697 N.E.2d 640 (1998). For example, "[t]o the extent that any item contained in a personnel file is not a 'record,' *i.e.*, does not serve to document the organization, etc., of the public office, it is not a public record and need not be disclosed." *State ex rel. Fant v. Enright*, 66 Ohio St.3d 186, 188, 610 N.E.2d 997 (1993). The same analysis is required for personal information of private individuals kept by a public office. *State ex rel. McCleary v. Roberts*, 88 Ohio St.3d 365, 366-368, 725 N.E.2d 1144 (2000). This is fully consistent with the purposes of the Public Records Act:

> As we noted in *McCleary*, disclosure of information about private citizens is not required when such information "'reveals little or nothing about an agency's own conduct'" and "would do nothing to further the purposes of the Act." 88 Ohio St.3d at 368 and 369, 725 N.E.2d 1144, quoting *United States Dept. of Justice v. Reporters Commt. for Freedom of the Press* (1989), 489 U.S. 749, 780, 109 S.Ct. 1468, 103 L.Ed.2d 774.

*State ex rel. Beacon Journal Publ'g Co. v. Bond*, 98 Ohio St.3d 146, 2002-Ohio-7117, 781 N.E.2d 180, ¶ 9-13. *Accord Dispatch* at ¶ 27.

{¶9} Cleveland argues that the street addresses of the attendees at Councilman Jones' meeting do not "document the organization, functions, policies, decisions, procedures, operations, or other activities of the office," asserting that "the addresses of private citizens are not a public record under R.C. 149." (Motion to Dismiss at 2-4.) This assertion is overly broad. Ohio case law has established that home addresses that do not serve to document the functions, policies, decisions, procedures, operations, or other activities of the office are not a "record" of the office. *E.g., State ex rel. Dispatch Printing Co. v. Johnson,* 106 Ohio St.3d 160, 2005-Ohio-4384, 833 N.E.2d 274, ¶ 20-41. (state employees); *State ex rel. DeGroot v. Tilsley*, 128 Ohio St.3d 311, 2011-Ohio-231, 943 N.E.2d 101, ¶ 6-8 (retired municipal employees); *McCleary, supra* (children in

city recreational program). However, home addresses that *do* document the activities of an office are "records." *E.g., State ex rel. Carr v. Akron*, 112 Ohio St.3d 351, 2006-Ohio-6714, 859 N.E.2d 948, ¶ 37, 40 (independent contractors); *State ex rel. Harper v. Muskingum Watershed Conservancy Dist.*, 5th Dist. No. 2013 AP 06 0024, 2014-Ohio-1222, ¶ 4-12 (property lessees); 2002 Ohio Atty.Gen.Ops. No. 2002-0030, *9-10 (sewer district customers). Information solicited from constituents and used to inform or determine the policy of a public office serves as a record of the office. *Chernin v. Geauga Park Dist.*, Ct. of Cl. No. 2017-00922PQ, 2018-Ohio-1579, ¶ 9-22. Indeed, records include any material "upon which a public office *could* rely" in documenting its activities. *Kish v. Akron*, 109 Ohio St.3d 162, 2006-Ohio-1244, 846 N.E.2d 811, ¶ 20.

{**¶10**} Councilman Jones issued a flyer for a "Special Meeting for Residents of Cloverside Avenue." (Answer, Exh. A, p. 2.) Jones sent an invitation letter with the salutation "Dear Residents of Cloverside Avenue" explaining the purpose of the meeting, and stating who would be permitted to attend:

> Before making a decision on this matter, I'd like to hear from you, the residents of Cloverside Avenue. As your Councilman, I value your input and am committed to respecting your opinion through out this process. *Therefore, only residents of Cloverside Avenue and invited community leaders will be in attendance at this meeting.*

(Emphasis added.) (*Id.*, p. 3.) An agenda was prepared, titled "Cloverside Residents' Meeting." (*Id.*, p. 4.) Sign-in sheets were used at the meeting that solicited the name, address, phone number, and email address of attendees. Cleveland agrees that the sign-in sheet, as a record of personal attendance, is a public record:

> Undoubtedly the minutes, agenda, and attendance record are public records under R.C. 149. Each of those documents were created by the City that reflect the functions of the City of Cleveland, namely the meeting to vote on the issue of Secondary Signage.

(Motion to Dismiss at 4-5.) Councilman Jones attests that the names of the attendees were obtained for his use in conducting the meeting. (Supp. Response, Jones Aff. at

¶ 4.) Following the meeting, Jones represented to Ms. Daniels that "residents of Cloverside Avenue voted"[1] against adding her daughter's name as secondary signage. (Answer, Exh. A, p. 8.) The sign-in sheet bears check marks beside 19 of the 27 names. The marks were "only made next to names of Cloverside Avenue residents."[2] (Second Supp. Response, Jones Aff. at ¶ 5.a.)

{¶11} Cleveland relies on the case of *State ex rel. Dispatch Printing Co. v. Johnson*, 106 Ohio St.3d 160, 2005-Ohio-4384, 833 N.E.2d 274, which held that state employee home addresses are generally non-records. *Id.* at ¶ 40. However, the Supreme Court cautioned that this decision was narrow and had no application beyond the specific confines of the issue in that case. *Id.* at ¶ 41. Emphasizing that the holding did not encompass even all public employee home addresses, the Court gave examples of exceptions to the holding, including one that is applicable to the facts of this case:

> For example, when one of the employment requirements is that the employee live within a certain state, county, or municipality, that portion of the home address constitutes a record for purposes of the Public Records Act.

*Id.* at ¶ 39. A requirement of the Cloverside Residents' Meeting was that only residents of Cloverside Avenue and invited community leaders would be in attendance. Thus, the home addresses on the sign-in sheet document the status of persons attending the meeting and/or voting.[3] These are records that Councilman Jones necessarily relied on in reporting to an applicant for secondary signage that "residents of Cloverside Avenue voted against adding the secondary name." Based on the restrictions in the invitation,

---

[1] Jones submitted a broader but not necessarily conflicting statement that "All attendees present at the meeting were permitted to vote and voted." (Second Supp. Response, Jones Aff. at ¶ 5.b.) "All attendees" includes the six "invited community leaders" (Id. at ¶ 6) and two attendees, Rick Delvecchio and Dorothy Sears, who gave addresses other than Cloverside Ave. (See sign-in sheets under seal.)

[2] Lori Burton noted parenthetically that the Cloverside address she gave was "Mother House." (See sign-in sheets under seal.)

[3] Jones' assertion that "[t]he sign-in sheet was not used to document the organizer's permission for the listed persons to enter and be present" at the meeting (Second Supp. Response, Jones Aff. at ¶ 4) is not inconsistent with its general use to confirm that Cloverside Avenue residents were in attendance.

the solicitation of attendee addresses on a sign-in sheet, the check marks made beside Cloverside residents, and Jones' representation to Ms. Daniels that "Cloverside residents voted" in a certain way, I find clear and convincing evidence to support the conclusion that street addresses of attendees were used to document the procedures, participants, and decision of the city councilman conducting the Cloverside Residents' Meeting. They thus satisfy the definition of "records" in R.C. 149.011(G).

{¶12} Cleveland does not assert that the telephone numbers or email addresses on the sheets are non-records. However, unlike the residential street addresses that define an attendee as a Cloverside Avenue resident, there is no evidence that the other contact information was used at all, or was obtained for other than administrative convenience. See *Dispatch* at ¶ 25-26. I find that the telephone numbers and email addresses may remain redacted.

**Conclusion**

{¶13} Upon consideration of the pleadings, attachments, and responsive records filed under seal, I recommend that the court issue an order granting the claim for disclosure of the meeting sign-in sheets with only telephone numbers and email addresses redacted, and finding that requester's claims are otherwise moot. I recommend the court order that requester is entitled to recover from respondent the costs associated with this action, including the twenty-five dollar filing fee. R.C. 2743.75(F)(3)(b).

{¶14} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after*

*receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

 

JEFFERY W. CLARK
Special Master

**Filed March 28, 2019**
**Sent to S.C. Reporter 5/10/19**