[Cite as *Staton v. Cuyahoga Falls*, 2024-Ohio-818.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| MATTHEW STATON | Case No. 2023-00559PQ |
| Requester | Judge Lisa L. Sadler |
| v. | <u>DECISION AND ENTRY</u> |
| CITY OF CUYAHOGA FALLS | |
| Respondent | |

{¶1} In this public-records case, Respondent objects to a Special Master's Report and Recommendation. The Court sustains Respondent's first objection and finds Respondent's remaining objections moot for reasons that follow.

## I. Background

{¶2} On August 24, 2023, Requester Matthew Staton filed a public-records complaint against Respondent. In the Complaint, Requester alleges that, on August 10, 2023, he "requested copy of all records, including name of any person, including employees and season pass holders, that were scanned or otherwise searched in any database, public or private, for sex crimes at any and all public facilities in July and August of 2023."[1] Requester also alleges that, on August 21, 2023, he "received an email from

---

[1] The Special Master has described Requester's public-records requests as follows:

"Please provide me with copies of all parent/ guardian consent forms that were signed by all minors who have had their valid government id or any other id scanned or searched in any public or private database for sex offenders at any public facility in July and August 2023."

"Please provide a copy of all records, including names of any person, including employees and season pass holders, that were scanned or otherwise searched in any database, public or private, for sex crimes at any and all public facilities in July and August of 2023." (Sic.)

(Report and Recommendation, 1.)

Connor McHugh, Assistant Law Director[,] stating that there were 'no records,'" and that, on or about August 10, 2023, he "spoke with an employee at Water Works Family Aquatic Center and was told that the records were stored in an Excel spreadshee[t]. The City of Cuyahoga Falls is required to provide copies of these records."

{¶3} The Court appointed a Special Master who referred the case to mediation. After mediation failed to successfully resolve all disputed issues between the parties, the case was returned to the Special Master's docket.

{¶4} On December 12, 2023, the Special Master issued a Report and Recommendation (R&R). The Special Master "recommends that:

A.　　Respondent be ordered to further investigate which portions of the records filed for in camera review are exempted from production by R.C. 149.43(A)(1)(r) [a "public record" does not mean "[i]nformation pertaining to the recreational activities of a person under the age of eighteen"], to redact those portions, and to produce the balance of those records within 30 days of the entry a R.C. 2743.75(F)(2) order in this case.

B.　　Requester recover his filing fees and costs.

C.　　Respondent bear the balance of the costs of this case, and

D.　　All other relief be denied."

(R&R, 9.)

{¶5} On December 27, 2023, Respondent filed written objections to the Report and Recommendation. Respondent's counsel sent a copy of Respondent's objections to Requester by certified mail, return receipt requested, according to a Certificate of Service accompanying the objections.

{¶6} Requester has not filed a timely response to Respondent's objections.

## II.　　Law and Analysis

{¶7} The General Assembly has created an alternative means to resolve public-records disputes through the enactment of R.C. 2743.75. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 11. *See* R.C. 2743.75(A). Under Ohio law a requester "must establish entitlement to relief in an action filed in the Court of Claims under R.C. 2743.75 by clear and convincing

evidence." *Viola v. Cuyahoga Cty. Prosecutor's Office*, 8th Dist. Cuyahoga No. 110315, 2021-Ohio-4210, ¶ 16, citing *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.).  *See Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 32.  It is a requester's burden to prove, by clear and convincing evidence, that the requested records exist and are public records maintained by a respondent.  *See State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, ¶ 8.

{¶8} A public-records custodian has the burden to establish the applicability of an exception to disclosure of a public record.  *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, paragraph two of the syllabus.  In *Jones-Kelley*, the Ohio Supreme Court held:

> Exceptions to disclosure under the Public Records Act, R.C. 149.43, are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception. A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception. (*State ex rel. Carr v. Akron,* 112 Ohio St.3d 351, 2006 Ohio 6714, 859 N.E.2d 948, ¶ 30, followed.)

*Jones-Kelley* at paragraph two of the syllabus.

{¶9} Pursuant to R.C. 2743.75(F)(2), any objection to a report and recommendation "shall be specific and state with particularity all grounds for the objection."  Respondent presents four objections for the Court's determination.

**Objection 1: The Special Master Erred in Holding These Documents are Records.**

**Objection 2: The Special Master Erred in Holding the City Has Failed to Identify Exempted Information.**

**Objection 3: The Special Master Erred in Holding the City's Claim of Inextricably Intertwined Records Moot.**

**Objection 4: The Special Master Erred in Holding that Staton has Proven by Clear and Convincing Evidence That He is Entitled to Any Records.**

{¶10} Respondent's first objection challenges the Special Master's determination that the requested documents are records. The definition of record in R.C. 149.011 contains three elements: "they must be (1) documents, devices, or items, including electronic records, (2) created or received by or coming under the jurisdiction of the [public] office, (3) that serve to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office." *State ex rel. Data Trace Information Servs. v. Cuyahoga Cty. Fiscal Officer*, 131 Ohio St.3d 255, 2012-Ohio-753, 963 N.E.2d 1288, ¶ 31, citing R.C. 149.011(G). In the Report and Recommendation, the Special Master determined that "several spreadsheets collecting information gathered while determining whether persons 16 years old or older seeking admission to the City's aquatic facilities are sex offenders" (R&R, 3) "unquestionably" satisfied "the first two defining elements of a record" because they are "'documents' and copies of 'electronic records'" (R&R, 4) and they "were 'created' by city employees who input the data and are under the City's 'jurisdiction' because the City was able to retrieve and file them in this case. They also have the third defining element because they 'document the *** policies, *** operations, or other activities of the office.'" (R&R, 4.) The Special Master explained:

> The spreadsheets were created in the course of executing "a City of Cuyahoga Falls policy which prohibits sex offenders from entering certain City facilities" and verify City employees' actions to implement those policies. *Response to Complaint*, pp. 12-13, ¶¶ 5-8. They therefore "document" one aspect of one of the City's "policies": the dates and times that it took specific actions to implement the policy against admitting sex offenders to City facilities. They also "document" the City's "operations and *** activities" by memorializing the information that City employees gathered.

(R&R, 4.)

{¶11} However, the Special Master found that the existence of the third element for what constituted a record was "a closer call" "because of cases holding that names

and addresses of private citizens were not records." (R&R, 4.) The Special Master determined that several cases, including *State ex rel. McCleary v. Roberts*, 88 Ohio St.3d 365, 2000-Ohio-345, 725 N.E.2d 1144, did not "control" in this instance. (R&R, 4.)

{¶12} The Court respectfully disagrees with the Special Master's view that *McCleary* does not control in this instance. Rather, the Court finds that the facts, as set forth by the Special Master, align with *McCleary*. In *McCleary* the city of Columbus implemented a photo identification program for its Recreation and Parks Department. The program required parents of children who used the city's pools and other recreation facilities to provide certain personal information regarding their children (e.g., the names, home addresses, family information, emergency contact information, and medical history information of participating children) and, in return, each child was provided a photographic identification card to present when using pools and recreation centers. Cornell McCleary requested a copy of the Department's electronic database, which contained the personal, identifying information regarding those children who were participating in the photo identification program. The city's Assistant Director of Recreation for the Department of Recreation and Parks refused to release the database and provide the requested information.

{¶13} McCleary sought a writ of mandamus in the Franklin County Court of Common Pleas, and, after the appropriate appeals, the Ohio Supreme Court accepted jurisdiction. The Ohio Supreme Court held: "Personal information of private citizens, obtained by a 'public office,' reduced to writing and placed in record form and used by the public office in implementing some lawful regulatory policy, is not a 'public record' as contemplated by R.C. 149.43." *McCleary* at syllabus. The personal information gathered "does nothing to document any aspect of the City's Recreation and Parks Department." *Id.* at 368. The "disclosure of information about private citizens that is accumulated in various governmental files but that reveals little or nothing about an agency's own conduct" does not serve the purpose of "shed[ding] light on an agency's performance of its statutory duties[.]" *Id.* Given that, the Ohio Supreme Court concluded that the intrusion upon the constitutionally protected privacy of private citizens, including children, was unwarranted. *Id.*, citing *United States Dept. of Justice v. Reports Commt. for Freedom of the Press*, 489 U.S. 749, 780, 109 S.Ct. 1468, 103 L.Ed..2d 774 (1989).

{¶14} Upon careful consideration, the Court finds that this matter is analogous to *McCleary* as Respondent obtained the personal information of private citizens and reduced this information to writing when it implemented its regulatory policy. Unlike the regulatory policy itself—which could be a proper object of a public records request—the information collected from the private citizens pursuant to the policy does not in any way shed light upon the city's functions. Accordingly, the disclosure of the information would not contribute to citizen oversight of the city's performance of its duties. Therefore, as in *McCleary*, even though the personal information collected by the city was placed in record form, it was not a public record because it does not meet the third element—that the document "serves to document the organization, functions, policies, operations, or other activities of the office." R.C. 149.011(G). Therefore, Respondent's first objection is well taken and is sustained.

{¶15} Because Respondent's first objection has been sustained, Respondent's remaining objections are rendered moot and a determination of Respondent's remaining objections is not required. *See City of Grove City v. Clark*, 10th Dist. Franklin No. 01AP-1369, 2002-Ohio-4549, ¶ 11 (actions or opinions are moot when they have become fictitious, colorable, hypothetical, academic or dead); *see also State ex rel. Karmasu v. Tate*, 83 Ohio App.3d 199, 205, 614 N.E.2d 827 (4th Dist.1992) citing *Coulverson v. Ohio Adult Parole Auth.*, 4th Dist. Ross No. 1790, at 4-5, 1992 WL 97805 (May 11, 1992) (a trial court "is not required to consider any legal theory, or argument, beyond that which will adequately dispose of the case at hand"). *Accord PDK Laboratories, Inc. v. United States Drug Enforcement Administration* (D.C.Cir.2004), 362 F.3d 786, 799, 360 U.S. App. D.C. 344 (Roberts, J., concurring in part and concurring in judgment) (expressing "the cardinal principle of judicial restraint," *i.e.*, "if it is not necessary to decide more, it is necessary not to decide more").

## III.    Conclusion

{¶16} For reasons set forth above, the Court SUSTAINS Respondent's first objection and finds Respondent's second, third, and fourth objections moot. The Court

rejects the Special Master's Report and Recommendation.  Court costs are assessed against Requester.  The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

LISA L. SADLER
Judge

**Filed February 6, 2024**
**Sent to S.C. Reporter 3/7/24**