[Cite as *Hicks v. Clermont Cty. Sheriff's Office*, 2024-Ohio-2997.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| CHRISTOPHER R. HICKS | Case No. 2024-00345PQ |
| Requester | Special Master Gary Peterson |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| CLERMONT COUNTY SHERIFF'S OFFICE | |
| Respondent | |

{¶1} On March 12, 2024, requester issued a public records request for "all recordings (writings, recordings, etc.) associated with the matter of Greg Simpson threatening my son and me." Complaint, pg. 3. On or about March 21, 2024, respondent provided some records, which contained redactions along with a list of claimed exceptions. *Id.* On April 3 and 9, 2024, requester followed up with respondent on the status of emails and recordings, but no response was received. *Id*. pg. 4. Requester filed a complaint on April 12, 2024, alleging denial of access to public records pursuant to R.C. 2743.75. The case was thereafter referred to mediation; however, mediation did not resolve the matter. The special master subsequently established a briefing schedule and ordered that unredacted records be filed under seal for an in camera inspection.

{¶2} On June 20, 2024, respondent informed the court that it recently learned that that the special prosecutor investigating the criminal matter underlying the public records request had completed the investigation. As a result, respondent produced new and less redacted records to requester. Motion June 20, 2024.

{¶3} On June 24, 2024, respondent filed under seal responsive records for an in camera inspection. On June 27, 2024, respondent filed a submission of newly released records in response to the public records request, with a table of contents and index of

remaining redactions.[1]   On July 1, 2024, respondent filed a motion to dismiss the complaint.  That same day, requester filed a response to the motion to dismiss.

**Burden of Proof**

{¶4} The requester in an action under R.C. 2743.75 bears an overall burden to establish a public records violation by clear and convincing evidence. *Hurt v. Liberty Twp*., 2017-Ohio-7820, ¶ 27-30 (5th Dist.). The requester bears an initial burden of production "to plead and prove facts showing that the requester sought an identifiable public record pursuant to R.C. 149.43(B)(1) and that the public office or records custodian did not make the record available." *State ex rel. Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 33.

**Motion to Dismiss**

{¶5} To dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt the claimant can prove no set of facts warranting relief after all factual allegations of the complaint are presumed true and all reasonable inferences are made in claimant's favor. *State ex rel. Findlay Publishing Co. v. Schroeder*, 76 Ohio St.3d 580, 581 (1996).  As long as there is a set of facts consistent with the complaint that would allow the claimant to recover, dismissal for failure to state a claim is not proper. *State ex rel. V.K.B. v. Smith*, 2013-Ohio-5477, ¶ 10. The unsupported conclusions of a complaint are, however, not admitted and are insufficient to withstand a motion to dismiss. *Mitchell v. Lawson Milk Co*., 40 Ohio St.3d 190, 193, (1988).

{¶6} Respondent moves to dismiss the complaint on the ground that it has now produced all responsive records. On review, the special master finds that mootness is not conclusively shown on the face of the complaint. Moreover, as the matter is now fully briefed, and respondent produced records that contain redactions, the defense is subsumed in the arguments to deny the claim on the merits. It is therefore recommended that the motion to dismiss be denied.

**Suggestion of Mootness**

---

[1]    The special master will use the June 27, 2024 submission and pagination from the pdf submitted therewith to refer to specific records in this matter. Some of the records are audio or video records but will nevertheless be referred to by the pdf pagination from the June 27, 2024 submission.

{¶7} In an action to enforce R.C. 149.43(B), a public office may produce the requested records prior to the court's decision, and thereby render the claim for production moot. *State ex rel. Striker v. Smith*, 2011-Ohio-2878, ¶ 18-22. While many of the records were initially redacted, many of the records have now been produced without redaction.[2] The special master finds that the claim is thus moot as to these documents.[3]

**Claimed Exceptions**

{¶8} Respondent claims the following exemptions as the legal basis for its redactions: (1) Information that identifies a victim to a crime, R.C. 149.43(A)(1)(v); R.C. 2930.07; (2) Victim/Witness telephone numbers pursuant to R.C. 149.43(A)(1)(mm); (3) Personal identifies pursuant to R.C. 149.43(A)(1)(dd); (4) Email addresses pursuant to the 14th Amendment of the United States Constitution, and State ex rel. McCleary v. Roberts, 88, Ohio St.3d 365; and (5) Residential and familial information of a designated public service worker pursuant to R.C. 149.43(A)(1)(p).

{¶9} A public-records custodian has the burden to establish the applicability of an exception to disclosure of a public record. *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 2008-Ohio-1770, paragraph two of the syllabus. In *Jones-Kelley*, the Ohio Supreme Court held:

> Exceptions to disclosure under the Public Records Act,
> R.C. 149.43, are strictly construed against the public-records
> custodian, and the custodian has the burden to establish the
> applicability of an exception. A custodian does not meet this
> burden if it has not proven that the requested records

---

[2] The records submitted without redaction are as follows: 7-9, 11-13, 15,16, 18-28, 30-32, 34-37, 40-41, 42-77, 82, 84, 86, 89-93, 95, 97-103, 114-135, and 138. 112 and 113 are listed in the index as containing redactions; however, there are no redactions on 112 and 113.

The index does not indicate that 17 contains redactions, but there are several redactions contained therein.

[3] It is noted that the records and index filed on June 27, 2024, do not perfectly match the order of the records filed under seal. For example, pages 102-103 are not in order of the records filed under seal. Page 102 does not contain any redactions. However, page 103 does contain a redaction, but that record matches the record on page 118, which is not redacted. Thus, the special master considers page 103 to likewise be unredacted as its unredacted version is produced on page 118.

Additionally, pages 117-134 of the June 27, 2024 filing do not correspond to the records submitted under seal. Regardless, none of those records contain any redactions.

> fall squarely within the exception. (*State ex rel. Carr v. Akron,* 112 Ohio St.3d 351, 2006 Ohio 6714, 859 N.E.2d 948, P 30, followed.)

*Kelley* at paragraph two of the syllabus.

**Information that Identifies a Victim of a Crime**

{¶10} Respondent redacted names and other identifying information based on R.C. 2930.07(C). That subsection mandates that a "public office or public official shall take measures to prevent the public disclosure of the name, address, or other identifying information of the victim or victim's representative," and "prohibits the public release of unredacted case documents pursuant to division (A)(1)(v) of section 149.43 of the Revised Code[.]" It became effective on April 6, 2023. The prior version of R.C. 2930.07 contained nothing like those provisions. Am. Sub. H.B. 3, Section 1, 148 Ohio Laws, Part I, 34, 67-68; 2021 H.B 343, Sections 1,3.

{¶11} Upon review of the documents filed under seal, the redactions made pursuant to this exception include the name, address, email address (which contains the victim's name), and date of birth of the victim of the crime.[4] It is clear from the documents themselves that the redactions pertain to the identifying information of a victim of a crime. Thus, the special master recommends that the court permit respondent to redact the name, address, email address, and date of birth of the victim of the crime.

**Victim/Witness Telephone Numbers**

{¶12} Respondent redacted telephone numbers pursuant to R.C. 149.43(A)(1)(mm). That section exempts "telephone numbers for a victim, as defined in section 2930.01 of the Revised Code or a witness to a crime that are listed on any law enforcement record or report." It appears that requester does not seek telephone numbers. Response, pg. 8. Nevertheless, upon review of the documents filed under seal, the redactions made pursuant to this exception only include telephone numbers of the

---

[4] The redactions are found at 10, 14, 29, 38, 39, 42, 78-81, and 94. Redactions that identify a victim of a crime were also found on 17, but 17 was omitted from the index. The following redactions were found on the audio files: 10--redaction at about 3:18; 14--redactions at about :04, :32, 3:55-4:15; 8:09; 17--redactions at about 7:24-7:35, 7:47-7:54, 8:05; 29—redaction at about 1:07.

victim and other witnesses.[5] I recommend that the court permit respondent to redact the telephone numbers of the victim and witnesses.

**Personal Information**

**{¶13}** R.C. 149.43(A)(1)(dd) excepts "Personal information, as defined in section 149.45 of the Revised Code."  Relevant here, pursuant to R.C. 149.45(A)(1)(c), personal information includes "an individual's driver's license number."

**{¶14}** Upon review, the special master recommends that the court permit respondent to redact "personal information" such as a driver's license number.[6]

**The Fourteenth Amendment Right to Privacy**

**{¶15}** Records protected under the U.S. Constitution's Fourteenth Amendment privacy right are "[r]ecords the release of which is prohibited by state or federal law," and therefore excepted from the definition of "public record" by R.C. 149.43(A)(1)(v). *State ex rel. Enquirer v. Craig*, 2012-Ohio-1999, ¶ 13.

**{¶16}** There is no general constitutional right of nondisclosure of personal information. *Lambert v. Hartman*, 517 F.3d 433, 442 (6th Cir. 2008). A Fourteenth Amendment informational privacy interest, existing or proposed, must implicate a right that is either "fundamental" or "implicit in the concept of ordered liberty." *Id*. at 442-446. The Sixth Circuit Court of Appeals "has recognized an informational-privacy interest of constitutional dimension in only two instances: (1) where the release of personal information could lead to bodily harm (Kallstrom), and (2) where the information released was of a sexual, personal, and humiliating nature (Bloch)." *Id*. at 440. Additionally, the Ohio Supreme Court has recognized that "[t]he case law does establish a right to privacy in circumstances in which a person might be at substantial risk of serious bodily harm if personal information is disclosed." *State ex rel. Quolke v. Strongsville City Sch. Dist. Bd. of Educ.*, 2015-Ohio-1083, ¶ 25. However, the Ohio Supreme Court has been restrained in finding new constitutional rights to privacy while recognizing limited additional instances, e.g., *State ex rel. McCleary v. Roberts*, 88 Ohio St.3d 365 (2000) (personal

---

[5]    The redactions are found at 33, 42, 83, 85, 94, 96, 104, 105-107, 111, 139, and 140-142.

[6]    The only redaction is found at 83.

information of children); *State ex rel. Beacon Journal Publg. v. Akron*, 70 Ohio St.3d 605 (1994) (employee social security numbers).

{¶17} Here, there has been no showing, much less a showing by clear and convincing evidence, that the release of the redacted email addresses would result in a risk of bodily harm. I therefore recommend that the court find that the records be released without redaction of the email addresses listed in pages 108-110.

**Residential and Familial Information of a Designated Public Service Worker**

{¶18} R.C. 149.43(A)(1)(p) excepts "[d]esignated public service worker residential and familial information" from the class of public records. R.C. 149.43(A)(7) identifies peace officers, among others, as designated public service workers. R.C. 149.43(A)(8) identifies protected information as including "any information that discloses any of the following about a designated public service worker:

…

(f) The name, the residential address, the name of the employer, the address of the employer, the social security number, the residential telephone number, any bank account, debit card, charge card, or credit card number, or the emergency telephone number of the spouse, a former spouse, or any child of a designated public service worker[.]"

{¶19} Again, it appears that requester does not seek telephone numbers. Response, pg. 8. It is apparent from the documents that the redactions pertain to the personal telephone number of a public service worker. Accordingly, upon review of the sealed records, the special master recommends that the court permit respondent to redact the residential telephone number of the designated public service worker.[7]

{¶20} Finally, requester states in the response that offense report 2400674 is fully redacted, that all but three lines of offense report 2400595 contains redactions, and that one page of four text messages remain partially redacted. Offense report 2400674 is listed at 87-92 of the index for the June 27 production and only contains limited redactions on pages 87 and 88 for telephone numbers of victims and witnesses. Offense report 2400595 is listed as pages 33-86 of the June 27 production and contains limited

---

[7] The redactions are found at 136, 137, and 143.

redactions on pages 33, 38, 39, 42, 78-81, 83 and 85. As stated previously, those redactions are proper. The text messages referred to are listed at pages 135-142 and 144, 150 and 151 and the redactions contained therein are likewise limited and appropriate as stated above.

**Conclusion**

{¶21} Upon consideration of the pleadings, attachments, and responsive records filed under seal, I recommend that the court issue an order granting the claim for production of records as detailed above. I recommend that the court find that respondent may redact exempt items from records as provided in this report. I recommend that respondent release unredacted records as outlined above. I recommend that requester is entitled to recover from respondent the costs associated with this action, including the twenty-five dollar filing fee. R.C. 2743.75(F)(3)(b).

{¶22} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

GARY PETERSON
Special Master

Filed July 15, 2024
Sent to S.C. Reporter 8/8/24