[Cite as *State ex rel. Harper v. Muskingum Watershed Conservancy Dist.*, 2014-Ohio-1222.]

IN THE COURT OF APPEALS
FIFTH APPELLATE DISTRICT
TUSCARAWAS COUNTY, OHIO

| | | |
|---|---|---|
| STATE ex rel. LEATRA HARPER | : | JUDGES: |
| | : | |
| Relator | : | |
| | : | Hon. Patricia A. Delaney P.J. |
| | : | Hon. Sheila G. Farmer |
| -vs- | : | Hon. John W. Wise |
| | : | |
| MUSKINGUM WATERSHED | : | |
| CONSERVANCY DISTRICT | : | CASE NO. 2013 AP 06 0024 |
| | : | |
| Respondent | : | |
| | : | OPINION |

CHARACTER OF PROCEEDING:     Petition for Writ of Mandamus

JUDGMENT:            GRANTED

DATE OF JUDGMENT ENTRY:     March 21, 2014

APPEARANCES:

For Relator:

Terry J. Lodge
316 N. Michigan St., Suite 520
Toledo, Ohio 43604

For Respondent:

John D. Latchney
TOMINO & LATCHNEY,LLC,LPA
803 E. Washington St., Suite 200
Medina, Ohio 44256

James J. Pringle
Kyler, Pringle, Lundholm &
Durmann, L.P.A.
P.O. Box 668
405 Chauncey Ave. NW
New Philadelphia, Ohio 44663

*Delaney, J.,*

{¶1} Relator Leatra Harper has filed a Petition for Writ of Mandamus requesting this Court order Respondent Muskingum Watershed Conservancy District ("District") to provide Relator with a list of addresses of all persons who were, at the time of the public records request, leasing property from the District whether those leases are residential, commercial or industrial.[1]

{¶2} The District argues the records requested are not public records. Rather, the records are prepared for administrative convenience and do not serve to document the functions, policies, decisions, procedures, operation, functions, decisions, procedures, operations or other activities of the District. The District also argues the home addresses of lessees are not subject to disclosure as a public record because the information was personal and not public.

{¶3} "Mandamus is the appropriate remedy to compel compliance with Ohio's Public Records Act, R.C. 149.43. *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 426-427, 639 N.E.2d 83, 89. R.C. 149.43 is to be construed liberally in favor of broad access, and any doubt is to be resolved in favor of disclosure of public records. *State ex rel. Cincinnati Enquirer v. Hamilton Cty.* (1996), 75 Ohio St.3d 374, 376, 662 N.E.2d 334, 336." *State ex rel. Gannett Satellite Info. Network v. Shirey*, 1997-Ohio-206, 78 Ohio St. 3d 400, 402, 678 N.E.2d 557, 560.

{¶4} On February 24, 2013, Relator through her attorney made a public records request for "a complete list of all current names and addresses (permanent and temporary) of all persons who have leased land for any purpose from the [Muskingum

---

[1] The parties have stipulated there are no industrial leases at issue in this case.

Watershed District], residential, commercial or industrial." The District refused to turn the requested items stating the documents did not fall under the definition of "records."

{¶5} R.C. 149.43(A)(1) provides: " 'Public record' means records kept by any public office, including, but not limited to, state [offices]." R.C. 149.011(G) defines "records" for purposes of the Public Records Act to include "any document, device, or item, regardless of physical form or characteristic, including an electronic record as defined in section 1306.01 of the Revised Code, created or received by or coming under the jurisdiction of any public office of the state or its political subdivisions, which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office."

{¶6} The District relies on the Supreme Court's holding in *State ex rel. Dispatch Printing Co. v. Johnson*, 2005-Ohio-4384, 106 Ohio St. 3d 160, 169-70, 833 N.E.2d 274, 284 in support of its contention that the requested records are not public records.

{¶7} In *Johnson,* the Supreme Court found the home addresses of state employees did not serve to document the activities of the public office and thus were not public records. *Id.* at 169. The Supreme Court went on to hold, "We stress that our decision is narrow and focuses solely on the status of the addresses as "records." We are not signaling a retreat from our statements in previous cases that courts in Ohio must construe R.C. 149.43 liberally in favor of broad access to and disclosure of public records. *See, e.g., Gilbert,* 104 Ohio St.3d 660, 2004-Ohio-7108, 821 N.E.2d 564, at ¶ 7. Today's holding has no application beyond the specific confines of the issue in this case. We will reject as unpersuasive the arguments of governmental bodies in future

cases attempting to place great weight on this case as precedent in unrelated contexts." *Id.* at 169-170.

{¶9} In *Johnson*, the Supreme Court specifically held employee addresses did not constitute records. We find *Johnson* is distinguishable from the facts in this case. The holding did not extend to addresses in general. A lessee would not have the same expectation of privacy as an employee because a lessee is conducting business with the District. Under the facts of this case, the addresses being sought do document at least one of the functions of the District which is to enter into rental contracts and collect rents from the lessees. According to the parties stipulations, the District leases approximately 1,300 cottage sites and 12 commercial parcels, generating in excess of two million dollars in rental income. The Supreme Court cautioned against extending the holding in *Johnson,* therefore, we decline to extend the holding to lessee addresses. In so doing, we also have considered the overriding purpose of the Public Records Act and we will resolve any doubt n favor of the disclosure of public records.

{¶10} Respondent also relies on *State ex rel. O'Shea & Assocs. Co.*, L.P.A. v. *Cuyahoga Metro. Hous. Auth.,* 131 Ohio St.3d 149, 2012-Ohio-115, 962 N.E.2d 297, <u>recon. den.</u>, 131 Ohio St.3d 1487 (2012) for the proposition that the addresses requested are not subject to disclosure because the information is personal information from private citizens.

{¶11} The Supreme Court in *O'Shea* stated, "Here, as in *McCleary,* the questionnaire and medical-release authorization contain, in part, identifying information—names, birth dates, Social Security and telephone numbers, and family information." *Id.* at 155. The specific personal information in *O'Shea* is distinguishable

from the billing address list in the instant case.   Again, the billing addresses document a significant function of the District – the leasing of cottage and commercial sites which generates over two million dollars a year in rental income for the District.

{¶12}   Finally, the District argues the addresses requested would not help monitor the agency which is the purpose of the public records statute.   "Inherent in Ohio's Public Records Law is the public's right to monitor the conduct of government." *State ex rel. McCleary v. Roberts* (2000), 88 Ohio St.3d 365, 369, 2000-Ohio-345, 725 N.E.2d 1144.   Contrary to the District's assertion, an agency's billing practices is certainly a topic which would be subject to monitoring.   The addresses of those being billed would aid in that monitoring.

CONCLUSION

{¶14} Because we find the requested billing addresses to be public records subject to disclosure, we order the District to forthwith provide Relator with the requested addresses. We also order the District to pay Relator statutory damages in the amount of $100.00. Relator shall provide this Court and the District with a billing summary in support of her request for attorneys' fees on or before April 11, 2014. Respondent may file a request for a hearing as to the reasonableness of the requested fees. Respondent shall make a request for a hearing on or before April 30, 2014. If a hearing is not requested, this Court will consider the requested fees without further hearing.

By: Delaney, P.J.

Farmer, J. and

Wise, J. concur