[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Standifer v. Cleveland*, Slip Opinion No. 2022-Ohio-3711.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-3711

THE STATE EX REL. STANDIFER ET AL., APPELLANTS, *v.* THE CITY OF CLEVELAND, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Standifer v. Cleveland*, Slip Opinion No. 2022-Ohio-3711.]

*Mandamus—Public Records Act—Confidential-law-enforcement-investigatory-records ("CLEIR") exception to disclosure requirement—City's police use-of-force ("UOF") reports satisfy first requirement of CLEIR definition under R.C. 149.43(A)(2) because they pertain to law-enforcement matters and cannot be characterized as simply personnel documents—City's UOF reports satisfy second requirement of CLEIR definition because city failed to prove that their release would create a high probability of disclosure of any of four types of information specified in R.C. 149.43(A)(2), including the "identity of a suspect who has not been charged with the offense to which the record pertains"—A UOF report could, in certain circumstances, identify an uncharged suspect, but there is no per se rule that UOF reports*

*always do so—Court of appeals' denial of writ reversed and cause remanded.*

(No. 2021-1280—Submitted June 14, 2022—Decided October 20, 2022.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 110200, 2021-Ohio-3100.

_____

**Per Curiam.**

{¶ 1} Appellants, Lauren "Cid" Standifer and Euclid Media Group, L.L.C., d.b.a. Cleveland Scene, sought a writ of mandamus to compel appellee, the city of Cleveland, to disclose use-of-force ("UOF") reports, which are prepared whenever a Cleveland police officer uses force in the course of the officer's duties. The court of appeals denied the writ, agreeing with Cleveland that the UOF reports are exempt from disclosure under the Public Records Act, R.C. 149.43, as confidential law-enforcement investigatory records ("CLEIR"). We reverse the court of appeals' judgment and remand the case for further proceedings.

## I. BACKGROUND

### A. Cleveland's use of UOF reports

{¶ 2} Cleveland's General Police Order 2.01.05 defines three levels of use of force—"Level 1," "Level 2," and "Level 3"—and requires that a UOF report be prepared whenever a Cleveland police officer uses force rising to one of the three levels in the course of the officer's duties. UOF reports are distinct from police reports that detail a responding officer's description of the circumstances of an incident. They provide a "detailed account" of the use of force, including the reason for the initial police presence, a specific description of the acts that preceded the use of force, the level of resistance encountered, and a description of the force used. Officers who use Level 1 or Level 2 force must complete a UOF report "by the end of their tour of duty." When an officer has used Level 3 force, the officer in charge

2

of the police division's designated "force investigation team" must complete the UOF report.

**{¶ 3}** General Police Order 2.01.06 requires review of UOF reports through the chain of command to determine whether a use of force was proper. The prescribed UOF procedures reflect not just city policy but also the content of a consent decree reached between the Cleveland police department and the United States Department of Justice.

**{¶ 4}** UOF reports are entered into force-tracking software called IAPro/BlueTeam. The software allows a user to save a report, export the report to an Excel spreadsheet, or download a PDF of the report.

### B. The records requests at issue

**{¶ 5}** Standifer is a journalist who publishes investigative news articles in *Cleveland Scene*, a local newspaper. On September 9, 2020, Standifer emailed to Cleveland a public-records request for "all reports on use of force incidents between Jan. 1, 2019 and the date the record is generated." Cleveland responded by email on September 23, stating that it had located a responsive record that Standifer could access on the city's public-records website. The document was a one-page spreadsheet that indicated "use of force totals" for the years 2019 and 2020 (up to September 14).

**{¶ 6}** Later that day, Standifer informed the city by email that the one-page spreadsheet was not responsive to her request. Standifer stated that she was seeking "all individual reports for every instance of use of force from this time period." The city responded on October 13 that it was "not required to do a file-by-file review from 2019 to the present to produce what is a complete duplication of [its] use of force reports during the period requested." In that respect, the city told Standifer that her request was "both vague and overly broad."

**{¶ 7}** After additional communication with the city, Standifer submitted another records request on October 29, 2020, asking for "all reports on use of force

incidents that occurred on May 30 and June 1, 2020." The city denied this request on November 16, stating that "[t]he information requested is part of an open ongoing investigation and not releasable at this time based on the confidential law enforcement investigatory record exception in R.C. 149.43(A)(1)(h), (A)(2)."

{¶ 8} On November 18, 2020, Standifer emailed another request, this time seeking "all use of force reports filed in June 2019." The city produced some records in response to that request on December 3 and December 10, including a list of UOF-matter numbers.

{¶ 9} Later on December 10, Standifer submitted a request for "the files identified by" the matter numbers on the list the city had provided. On December 16, the city sought clarification regarding the request, which Standifer provided. On December 26, the city responded that it regarded the request as closed and advised that Standifer could file a new request.

## C. The mandamus action

{¶ 10} On December 31, 2020, Standifer and Cleveland Scene brought a mandamus action against Cleveland in the Eighth District Court of Appeals. During mediation, the city disclosed some responsive documents but withheld 87 otherwise responsive documents based on the CLEIR exception.

{¶ 11} The court of appeals granted the city's motion for summary judgment and denied the requested writ. It held that the withheld UOF reports were exempt from disclosure as CLEIR because they relate to law-enforcement matters and because their disclosure "would create a high probability of" revealing the identities of uncharged suspects—i.e., the officers who used the force described in the reports. 2021-Ohio-3100, ¶ 16-17. Standifer and Cleveland Scene appealed to this court as of right.

## II. ANALYSIS

{¶ 12} Appellants bear the burden of showing entitlement to the requested writ of mandamus by clear and convincing evidence. *State ex rel. McCaffrey v.*

*Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, ¶ 16.  On the other hand, "[e]xceptions to disclosure under the [Public Records Act] are strictly construed against the records custodian, who has the burden to establish the applicability of any claimed exception from disclosure." *State ex rel. Cincinnati Enquirer v. Cincinnati*, 157 Ohio St.3d 290, 2019-Ohio-3876, 135 N.E.3d 772, ¶ 6.  We review de novo a court of appeals' grant of summary judgment in a mandamus action.  *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 165 Ohio St.3d 292, 2021-Ohio-2374, 178 N.E.3d 492, ¶ 11.

## A.  The CLEIR exception does not apply categorically to the UOF reports

{¶ 13} Appellants argue as their first proposition of law that they have a clear legal right to the undisclosed UOF reports because those reports "precede any investigation" and more closely resemble offense or incident reports, which initiate ordinary criminal investigations, than they do investigatory work product.  Thus, they contend that the CLEIR exception does not apply to these reports.

{¶ 14} R.C. 149.43(A)(1)(h) exempts CLEIR from disclosure as public records, and R.C. 149.43(A)(2) defines "CLEIR" as "any record that pertains to a law enforcement matter of a criminal, quasi-criminal, civil, or administrative nature, but only to the extent that the release of the record would create a high probability of disclosure of" one or more of the types of information listed in R.C. 149.43(A)(2)(a) through (d).  Accordingly, "[t]he applicability of the [CLEIR exception] requires, first, that the records pertain to a law enforcement matter * * * and, second, that the release of the records would create a high probability of disclosure of any of the four types of information specified."  *State ex rel. Ohio Patrolmen's Benevolent Assn. v. Mentor*, 89 Ohio St.3d 440, 444, 732 N.E.2d 969 (2000).

{¶ 15} Appellants argue that the UOF reports cannot fall under the CLEIR exception because they do not satisfy the first requirement of the CLEIR definition.  They contend that UOF reports are routine reports, that their purpose is "to monitor

and discipline police officers," and that they therefore do not pertain to a law-enforcement matter. They further contend that the reports do not initiate an investigation into a law-enforcement matter and that a UOF report leads to an investigation, if ever, only after an internal review of the report by the police department's chain of command.

{¶ 16} We have held that "records are not confidential law-enforcement records if they relate to employment or personnel matters rather than directly to the enforcement of law." *State ex rel. Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 49; *State ex rel. Mahajan v. State Med. Bd. of Ohio*, 127 Ohio St.3d 497, 2010-Ohio-5995, 940 N.E.2d 1280, ¶ 30. In support of their argument that UOF reports are not records "pertain[ing] to a law enforcement matter," R.C. 149.43(A)(2), appellants rely heavily on *State ex rel. Natl. Broadcasting Co., Inc. v. Cleveland*, 38 Ohio St.3d 79, 526 N.E.2d 786 (1988) ("*NBC I*"). In *NBC I*, a broadcaster sought police records relating to incidents in which officers used deadly force, claiming that the records it sought were "routine reports." *Id.* at 79. In opposition, the city asserted that the records constituted CLEIR—in particular, that the records constituted "specific investigatory work product" under R.C. 149.43(A)(2)(c). We reversed the court of appeals' denial of the requested writ and remanded the case for in camera review of the documents. On "the limited record before this court," we found that the records at issue were not investigatory records but, rather, "involve[d] the city's monitoring and discipline of its police officers." *NBC I* at 83. We also rejected the contention that the records were "trial preparation records" under R.C. 149.43(A)(4) because "part of th[e] records [were] gathered in order to satisfy the requirement of General Police Order No. 22-83." *NBC I* at 84.

{¶ 17} Appellants' reliance on *NBC I*, however, is undercut by *Natl. Broadcasting Co., Inc. v. Cleveland*, 57 Ohio St.3d 77, 566 N.E.2d 146 (1991) ("*NBC II*"). On remand following *NBC I*, the court of appeals broadly ordered

6

disclosure of the records at issue. The city appealed, and in *NBC II*, we revisited our earlier characterization of the records. Whereas the limited evidence in *NBC I* led us to characterize the records at issue as "police personnel records," the evidence before us in *NBC II* showed that they more closely resembled "records compiled pursuant to criminal investigations that police routinely perform when they investigate crimes." *NBC II* at 79. And we observed that neither *NBC I* nor *State ex rel. Beacon Journal Pub. Co. v. Univ. of Akron*, 64 Ohio St.2d 392, 415 N.E.2d 310 (1980) (also relied on by appellants here) "ever established an automatic, *per se* exclusion of all *routine* police criminal investigation from the first step of the definition of [CLEIR]." (Emphasis sic.) *NBC II* at 80. Thus, the first requirement of the CLEIR definition was satisfied in *NBC II*. We therefore reversed the court of appeals' grant of the writ and remanded the case for a determination of whether any of the records satisfied the second requirement of the CLEIR definition.

{¶ 18} Considering *NBC II*, appellants' reliance on *NBC I* is unavailing. *See also Ohio Patrolmen's Benevolent Assn.*, 89 Ohio St.3d at 445, 732 N.E.2d 969 (routine police criminal investigations are not per se excluded from satisfying first requirement of CLEIR definition). The records at issue here "pertain to a law enforcement matter," R.C. 149.43(A)(2), as did the records at issue in *NBC II*. UOF reports are records that are required to be created whenever an officer engages in a Level 1, Level 2, or Level 3 use of force as defined by the police department's policy. Under the policy, UOF reports are part of the investigation conducted into an officer's use of force during the officer's law-enforcement duties. Thus, they pertain to a law-enforcement matter and cannot be characterized as simply a personnel document. We therefore agree with Cleveland that the UOF reports satisfy the first requirement of the CLEIR definition. Whether the court of appeals correctly denied the writ therefore depends on whether the UOF reports satisfy the second requirement of the CLEIR definition.

**{¶ 19}** R.C. 149.43(A)(2) identifies four categories of protected information that exempt law-enforcement records from disclosure as CLEIR. *See* R.C. 149.43(A)(2)(a) through (d). In this case, the court of appeals relied on R.C. 149.43(A)(2)(a), which exempts law-enforcement records the release of which has a high probability of disclosing "[t]he identity of a suspect who has not been charged with the offense to which the record pertains." The court of appeals held that releasing the UOF reports would create a high probability of disclosing the identity of the officer who used the force described in each report, whom the court viewed as an uncharged suspect in the review and possible investigation of a use of force. 2021-Ohio-3100 at ¶ 17. The court additionally held that redactions of the reports were impracticable because the information in the reports was intertwined with the identity of the officers who used force. *Id.*, citing *State ex rel. McGee v. Ohio State Bd. of Psychology*, 49 Ohio St.3d 59, 550 N.E.2d 945 (1990).

**{¶ 20}** We disagree with the court of appeals' application of the uncharged-suspect provision of R.C. 149.43(A)(2). For one thing, the characterization of an officer who used force as a "suspect" is dubious, given that the UOF report is submitted prior to any determination that a use of force merits an administrative or criminal inquiry. Indeed, the use of force by a police officer in the course of the officer's duties may not be wrongful, and, in such a case, the UOF report may not necessarily lead to any further criminal investigation. The court of appeals' rationale, however, necessarily assumes that *all* officers who use force are *per se* criminal suspects. Though we do not foreclose the possibility that a UOF report could, in certain circumstances, identify an uncharged suspect and thus be exempt from disclosure as CLEIR, we decline to recognize a per se rule that UOF reports always do so. *See Ohio Patrolmen's Benevolent Assn.* at 446 (finding that CLEIR exception did not apply, because criminal proceedings were not pending or highly probable; review of the records indicated that "crimes may not have occurred").

**{¶ 21}** It is true that "the absence of pending or highly probable criminal charges is not fatal to the applicability of the uncharged-suspect exemption." *Id.*, 89 Ohio St.3d at 447, 732 N.E.2d 969. So in some cases, a UOF report *could* be exempt from disclosure to protect the identity of an officer who used force as an uncharged suspect. But it does not follow that UOF reports should be categorically treated as CLEIR. We decline to adopt the court of appeals' rationale that an officer who used force is an uncharged suspect in *every* case in which a UOF report describing that force is prepared.

**{¶ 22}** In defending the court of appeals' decision, Cleveland argues that other provisions of R.C. 149.43(A)(2) apply to UOF reports. Specifically, Cleveland contends that disclosing the reports would reveal (1) the identity of witnesses who have been or might be promised confidentiality, (2) information that would compromise investigations, and (3) information that could endanger the physical safety of others. *See* R.C. 149.43(A)(2)(b), (c), and (d). In these arguments, Cleveland paints with broad strokes in its characterization of the information in UOF reports and does not point to specific information in them to which these provisions of R.C. 149.43(A)(2) apply. While particular UOF reports might include one or more of these elements and therefore fall within the CLEIR exception, Cleveland has not demonstrated that *all* the requested UOF reports categorically qualify as one or more of the types of information listed in R.C. 149.43(A)(2). As the proponent of the CLEIR exception, Cleveland has the burden to prove that the exception applies to specific information contained in the reports. *See State ex rel. Rocker v. Guernsey Cty. Sheriff's Office*, 126 Ohio St.3d 224, 2010-Ohio-3288, 932 N.E.2d 327, ¶ 7. It has not met that burden.

**B. We need not reach appellants' second proposition of law**

**{¶ 23}** As their second proposition of law, appellants argue that the court of appeals erroneously allowed Cleveland's consent decree with the United States Department of Justice to override the disclosure requirement of the Public Records

Act.  Because we conclude that appellants prevail on their first proposition of law, we need not reach their second proposition of law.

### III.  MOTION FOR ORAL ARGUMENT

**{¶ 24}** Appellants have requested oral argument.  Pursuant to S.Ct.Prac.R. 17.02(A), "[o]ral argument in a direct appeal is discretionary." *State ex rel. Scott v. Streetsboro*, 150 Ohio St.3d 1, 2016-Ohio-3308, 78 N.E.3d 809, ¶ 9.  The factors that inform this court's exercise of our discretion in considering whether to grant oral argument are "whether the case involves a matter of great public importance, complex issues of law or fact, a substantial constitutional issue, or a conflict among the courts of appeals." *Id*.

**{¶ 25}** We deny oral argument.  The parties' briefing provides an adequate basis for considering the legal issues related to the CLEIR exception.  And as for appellants' argument that their counsel "is a pro bono law clinic within a law school" and that oral argument "would provide students with valuable opportunities in preparing for, observing, or participating in oral argument," this rationale does not relate to any of our bases for granting oral argument.

### IV.  CONCLUSION

**{¶ 26}** For the foregoing reasons, we reverse the judgment of the court of appeals and remand the case for further proceedings.  On remand, the court of appeals shall (1) direct Cleveland to review any responsive records that it has withheld in order to determine what portions should be redacted, (2) grant a writ of mandamus that requires Cleveland to disclose the responsive records, subject to appropriate redactions, either by giving Standifer access to the actual records as maintained by Cleveland or by making available accurate and usable copies of the records as they are maintained, and (3) decide whether appellants are entitled to statutory damages and, if so, determine the amount of such damages.

Judgment reversed
and cause remanded.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

BRUNNER, J., concurs in part and dissents in part and would have granted the request for oral argument so that the parties and the public would have had the opportunity to air and to hear the parties' arguments concerning this case involving police use of force.

—————————

First Amendment Clinic, Kramer Law Clinic Center, Case Western Reserve University School of Law, Andrew Geronimo, and Sara Coulter, for appellants.

Barbara Langhenry, Cleveland Director of Law, and William M. Menzalora and Timothy J. Puin, Assistant Directors of Law, for appellee.

—————————