[Cite as *Tobias v. Ohio Secy. of State's Office*, 2023-Ohio-4440.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| ANDREW TOBIAS | Case No. 2023-00628PQ |
| Requester | Special Master Todd Marti |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| OHIO SECRETARY OF STATE'S OFFICE | |
| Respondent | |

{¶1} This matter is before the court for a R.C. 2743.75(F) report and recommendation. The special master recommends that (1) Respondent be ordered to determine which suspects listed in the records previously produced to Requester have been charged and to produce copies of the records previously produced without redactions for any suspects who have been charged; (2) Respondent be ordered to take those actions within 10 working days of the entry of an R.C. 2743.75(F)(2) order in this case, (3) that Requester recover his filing fee and costs, and (4) that Respondent bear all remaining costs of this case.

### I. Background.

{¶2} The Ohio Secretary of State ("The Secretary"), the respondent on this case, has announced that he has referred hundreds of individuals for potential prosecution based on suspected election law violations. In January of 2023 the Requester, a reporter for *Cleveland.com* and *The Plain Dealer*, made public records requests to the Secretary for "records that, individually or collectively document:

> All cases involving suspected illegal conduct by voters that the Secretary of State's Office has referred to the Ohio Attorney General's Office since Jan. 1, 2019.

> All cases involving suspected illegal conduct by voters that the Secretary of State's Office has referred to county prosecutors since Jan. 1, 2019[.]

All documentation the Secretary of State's Office provided along with these referrals, including detailing the nature of the allegation, the identity of the voter, and the location date of the potentially illegal conduct." (Sic).

He also requested "similar records documenting other illegal conduct that the Secretary of State's Office has investigated, including but not limited to:

- Voter registration and voting by non-citizens
- Ballots cast by dead voters and
- Instances of voter impersonation"

After a lengthy and unexplained delay, the Secretary produced redacted copies of what he represented were all responsive records. *Requester's Evidence*, filed October 17, 2023, pp. 3, 5, 7, 12-15, 25-27; *Respondent's Evidence*, filed October 16, 2023, pp. 3-4, ¶¶ 4-7.[1]

{¶3} Requester filed this case, challenging the Secretary's assertion that all responsive records were produced and that the redactions to what was produced were proper. Mediation was not ordered because, given the Secretary's inordinate delay in responding to the underlying requests, the additional time necessary to mediate this case would not result in the expeditious resolution contemplated by R.C. 149.43(B)(1) and R.C. 2743.75(A). Unredacted copies of records the Secretary had located prior October 24, 2003, were submitted for in camera review and the parties filed evidence and memoranda supporting their positions. *Complaint*, filed September 22, 2023, p. 2; *Scheduling Order*, entered October 3, 2023; *Order* entered October 16, 2023.

{¶4} The Secretary discovered additional records responsive to Requester's requests after the time had passed to file records for in camera review, evidence, and memoranda. ("the Additional Records"). A status conference was held where the Secretary took the position that the Additional Records were properly subject to the same redactions as the records previously filed and produced in this case. The parties agreed that the Requester was no longer pressing his claim that the Secretary was not producing all responsive records, and that the propriety of the Secretary's redactions is the only issue in the case. The parties further agreed that the propriety of the Secretary's

---

[1] All references to specific pages of submissions available on the Court's public docket are to the pages of the PDF copies of those submissions posted on the docket.

redactions can be evaluated without the Additional Records being filed for in camera review, with the principles of that resolution applying to the Additional Records. *Entry*, filed November 9, 2023.

## II. Analysis.

### A. The Secretary has not met his burden of proving that his redactions were justified by R.C. 149.43(A)(2)(a).

{¶5} R.C. 149.43(B)(1) requires a public office to promptly produce unredacted copies of records when it receives a proper request unless the records fit within an exception to the Public Records Act. The Secretary does not challenge the sufficiency of Requester's request or that most of the records sought are public records. He instead asserts that his redactions were justified because the redacted information would reveal the identity of suspected but uncharged violators of election laws, and hence is excepted from public record status by R.C. 149.43(A)(1)(h) and (A)(2)(a).[2]

{¶6} R.C. 149.43(A)(1)(h) excepts "confidential law enforcement records" from the class of public records. R.C. 149.43(A)(2)(a) defines such records as including those "that pertain[] to a law enforcement matter *** that *** would create a high probability of disclosure of *** [t]he identity of a suspect who has not been charged with the offense to which the record pertains[.]" R.C. 149.43(A)(2)(a) establishes three elements for that exception:

- the record pertains to a "law enforcement matter",
- the record would likely identify a "suspect"; and
- the suspect has not been "charged" with the offense related to the record.

The office asserting that exception has the burden of proving all those elements. *State ex rel. Myers v. Meyers*, 169 Ohio St.3d 536, 2022-Ohio-1915, 207 N.E.3d 579, ¶ 30. Moreover, the office must make a strong showing. It "does not meet [its] burden if it has not proven that the requested records fall squarely within the exception," and courts must "resolve any doubt in favor of disclosure." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶¶ 27, 63. See also id. at

---

[2] Some of the Secretary's redactions were also based on the personal information exception set out in R.C. 149.43(A)(1)(dd). Requester does not dispute those redactions. *Entry*, filed November 4, 2023, ¶ 5.

¶¶ 50, 63. Given that, "it is not enough to say that a record is *probably* within a statutorily prescribed exemption[.]" Id. at ¶ 63. (Emphasis sic).

{**¶7**} *The Secretary has proven that the records pertain to law enforcement matters.* He produced unrebutted affidavit and documentary evidence that the records at issue are related to his investigation of alleged violations of R.C.3599.12. Those violations would, if proven, be felonies. Those are law enforcement matters. *Respondent's Evidence*, p. 5, ¶¶ 9-11; *Supplement to Respondent's Evidence*, filed October 24, 2023, pp. 3-4 ¶¶ 5-8; R.C. 109.95.

{**¶8**} That is not changed by Requester's assertion that those investigations were triggered by actions routinely taken to monitor election related matters. A matter pertains to law enforcement for purposes of R.C. 149.43(A)(2) if it addresses violations of law, even if those violations were initially suggested by routine practices. *State ex. rel. Natl. Broadcasting Co. v. Cleveland*, 57 Ohio St.3d 77, 78-80, 566 N.E.2d 146 (1991); *State ex rel. Ohio Patrolmen's Benevolent Assn. v. City of Mentor*, 89 Ohio St.3d 440, 445, 732 N.E.2d 969 (2000); *State ex rel. Standifer v. City of Cleveland*, 170 Ohio St.3d 367, 2022-Ohio-3711, 213 N.E.3d 665, ¶¶ 13-18.

{**¶9**} *The Secretary has also proven that the records would identify suspects.* He provided affidavit testimony that the redactions obscure the alleged violators' names and voter identification numbers, information that would enable Requester to identify those alleged violators. He also submitted evidence that those individuals were the subject of investigations by his office, making them "suspects" for purposes of R.C 149.43(A)(2)(a). *Respondent's Evidence*, pp. 4-5, ¶¶ 9-11, 13-14; *Supplement to Respondent's Evidence*, pp. 3-4 ¶¶ 5-8, 10-11. *State ex rel. Outlet Commc'ns, Inc. v. Lancaster Police Department*, 38 Ohio St.3d 324, 328, 528 N.E.2d 175 (1988).

{**¶10**} *The Secretary has not proven that the individuals he referred remain uncharged.* An office invoking the uncharged suspect provisions of R.C. 149.43(A)(2)(a) must prove that the suspect has not been charged. *State ex rel. Sultaana v. Mansfield Corr. Inst.*, __ Ohio St.3d __, 2023-Ohio-1177, __ N.E.3d __, ¶ 30; *State ex rel. Natl. Broadcasting Co. v. Cleveland*, 82 Ohio App.3d 202, 208, 611 N.E.2d 838 (8th Dist.1992). The only evidence proffered on this element is the following statement in an affidavit from

in house counsel to the Secretary: "to date, the Office has not received confirmation that any referred voter would not be charged with an election offense." *Respondent's Evidence*, p. 5, ¶ 12; *Supplement to Respondent's Evidence*, p. 4 ¶ 9. That falls short in two independently dispositive respects.

{¶11} First, it does not prove the controlling fact: whether or not the suspects have been "charged." A charge is an objectively verifiable occurrence: an arrest, a citation, or some other official action asserting specifically identified violations of law. *Outlet Commc'ns.*, 38 Ohio St.3d at 328; *State ex rel. Musial v. City of N. Olmsted*, 106 Ohio St.3d 459, 2005-Ohio-5521, 835 N.E.2d 1243, ¶ 23; 1990 Ohio Op. Att'y Gen. 440, 1990 Ohio Op. Att'y Gen. No. 101; 1990 Ohio AG LEXIS 104, paragraph 6 of syllabus. That is different from a record custodian's subjective (and potentially incomplete) knowledge about whether that has occurred, all that has been shown here. The Secretary's evidence therefore fails to prove the fact making R.C. 149.43(A)(2)(a) applicable.

{¶12} Second, the Secretary's evidence is not sufficiently specific. An office invoking an exemption triggered by record-specific facts does not meet its burden by asserting the exemption as to a group of records generally. The office must instead establish the triggering facts on a record-by-record basis. For example, an office could not withhold an entire list of foster care providers based on an exemption triggered by each provider's funding or reporting status without provider-specific evidence about those matters. *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, ¶¶ 22-24, 33. Similarly, a police department could not categorically withhold records of multiple investigations based on R.C. 149.43(A)(2) without showing, on a record-by-record basis, facts triggering that statute. *State ex rel. Standifer v. City of Cleveland*, 170 Ohio St.3d 367, 2022-Ohio-3711, 213 N.E.3d 665, ¶ 22.

{¶13} The Secretary's proof has that same defect. Rather than showing which of the many individuals he referred for possible prosecution remain uncharged (the triggering fact), his evidence addresses their situations collectively. That "broad strokes" approach does not suffice. *Id.*

**B**. **The court should order the Secretary to promptly determine which of the individuals remain uncharged and to revise his response to Requester accordingly**.

{¶14} Although a public office's failure to prove the basis for an exemption normally results in an order to produce the requested records forthwith, that is not always the case. If immediate production would unduly compromise third parties' statutory privacy rights the office may instead be ordered to further investigate whether grounds for the exemption actually exist and to revise its initial response based on what it discovers *Jones-Kelley*, 118 Ohio St.3d 81, ¶ 26.

{¶15} This is such a case. Ordering the immediate production of unredacted copies of the records at issue could deprive hundreds of people of privacy they are actually entitled to under R.C.149.43(A)(2)(a). They should not suffer that injury because the Secretary failed to properly defend his redactions. Further, immediate disclosure of some of those persons' identities might prejudice ongoing criminal investigations. Ordering the Secretary to actually investigate the status of his referrals and to correspondingly revise his responses would prevent those harms, while still serving the "primary purpose of Ohio's public-records act *** to enable the public to see how our government agencies work, whether good or bad." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 76. The special master therefore recommends investigation and revision, rather than immediate production of unredacted records.

{¶16} The special master further recommends that the Secretary be ordered to take those actions promptly. The requests at issue here have been pending an unreasonably long time—more than 10 months. That is the antithesis of the "prompt[],"and "expeditious" resolution of public records requests contemplated by R.C. 149.43(B)(1) and R.C. 2743.75(A). See *State ex rel. Ware v. Bur. of Sentence Computation*, 10th Dist. Franklin No. 21AP-419, 2022-Ohio-3562, ¶ 17 (surveying cases). The special master therefore recommends that the Secretary be ordered to determine whether charges have resulted from any of his referrals and to correspondingly revise his

response to Requester within 10 working days from the date of the court's entry of an R.C. 2743.75(F)(2) order in this case.

{¶17} The special master recognizes that might impose some burden on the Secretary, but no "pleading of too much expense, or too much time involved, or too much interference with normal duties, can be used by the respondent to evade the public's right to inspect and obtain a copy of public records within a reasonable time." *State ex rel. Warren Newspapers v. Hutson*, 70 Ohio St.3d 619, 623, 640 N.E.2d 174 (1994). "The respondent is under a statutory duty to organize his office and employ his staff in such a way that his office will be able to make these records available for inspection[.]" *Id.*

## C.    Costs.

{¶18} R.C. 2743.75(F)(3)(b) provides that the "aggrieved person shall be entitled to recover from the public office or person responsible for the public records the amount of the filing fee of twenty-five dollars and any other costs associated with the action[.]" Requester was aggrieved by the Secretary's improper redactions. He is therefore entitled to recover her filing fee and his costs.

## III.    Conclusion.

In light of the foregoing the special master recommends that:

A.    Respondent be ordered to determine which suspects listed in the records previously produced to Requester have been charged and to produce copies of the records previously produced without redactions for any suspects who have been charged.

B.    Respondent be ordered to take those actions within 10 working days of the entry of an R.C. 2743.75(F)(2) order in this case.

C.    Requester recover his filing fee and costs, exclusive of attorney fees.

D.    Respondent bear the balance of the costs of this case.

{¶19} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption*

*of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

_____

TODD MARTI
Special Master

**Filed November 13, 2023**
**Sent to S.C. Reporter 12/7/23**