[Cite as *Tobias v. Ohio Secy. of State's Office*, 2023-Ohio-4439.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| ANDREW TOBIAS | Case No. 2023-00628PQ |
| Requester | Judge Lisa L. Sadler |
| v. | <u>DECISION AND ENTRY</u> |
| OHIO SECRETARY OF STATE'S OFFICE | |
| Respondent | |

{¶1} In this public-records case, Respondent objects to a Special Master's Report and Recommendation. Requester opposes Respondent's objections. The Court sustains Respondent's objections for reasons that follow.

## I.    Background

{¶2} On September 22, 2023, Requester Andrew Tobias filed a public-records complaint against Respondent. In the Complaint Requester states, "I am a political reporter with cleveland.com and The Plain Dealer. As part of my job responsibilities, on Jan. 10, 2023, I issued a public records request to the Ohio Secretary of State's Office, via the office's then-press secretary, Rob Nichols, seeking records documenting investigations that the office had conducted with respect to suspected illegal voting."

{¶3} The Court appointed a Special Master who did not refer the case to mediation because the Special Master found that, "based on the length of time that both parties acknowledge Requester's public records request has been pending, and the additional time that mediation would involve, mediation will not result in the expeditious resolution envisioned by R.C. 2743.75(A)." (Entry, October 3, 2023.) The Special Master did, however, establish a schedule for the filing of evidence and briefings. (Id.)

{¶4} On November 13, 2023, the Special Master issued a Report and Recommendation (R&R). In the Report and Recommendation, the Special Master states, "The parties agreed that the Requester was no longer pressing his claim that the

Secretary was not producing all responsive records, and that the propriety of the Secretary's redactions is the only issue in the case. The parties further agreed that the propriety of the Secretary's redactions can be evaluated without the Additional Records being filed for in camera review, with the principles of that resolution applying to the Additional Records. *Entry*, filed November 9, 2023." (R&R, 3.)

{¶5} The Special Master determined that Respondent had not met its burden of proving that its redactions were justified by R.C. 149.43(A)(2)(a) (exception for confidential law enforcement investigatory records).[1]  Although the Special Master determined that Respondent had proven that the records at issue pertain to law enforcement matters and that the requested records would identify suspects, the Special Master nonetheless determined that Respondent had not proven that the individuals that the Ohio Secretary of State referred remain uncharged of criminal offenses. (R&R, 3-6.) The Special Master recommends that:

A. Respondent be ordered to determine which suspects listed in the records previously produced to Requester have been charged and to produce

---

[1]    "Under R.C. 149.43(A)(1)(h), 'public record' does not include confidential law enforcement investigatory records (CLEIRs)." *Welsh-Huggins v. Office of the Prosecuting Atty.*, Ct. of Cl. No. 2018-00793PQ, 2019-Ohio-473, ¶ 23.  Pursuant to R.C. 149.43(A)(2), a confidential law enforcement investigatory record (CLEIR)

means any record that pertains to a law enforcement matter of a criminal, quasi-criminal, civil, or administrative nature, but only to the extent that the release of the record would create a high probability of disclosure of any of the following:

(a) The identity of a suspect who has not been charged with the offense to which the record pertains, or of an information source or witness to whom confidentiality has been reasonably promised;

(b) Information provided by an information source or witness to whom confidentiality has been reasonably promised, which information would reasonably tend to disclose the source's or witness's identity;

(c) Specific confidential investigatory techniques or procedures or specific investigatory work product;

(d) Information that would endanger the life or physical safety of law enforcement personnel, a crime victim, a witness, or a confidential information source.

copies of the records previously produced without redactions for any suspects who have been charged.

B. Respondent be ordered to take those actions within 10 working days of the entry of an R.C. 2743.75(F)(2) order in this case.

C. Requester recover his filing fee and costs, exclusive of attorney fees.

D. Respondent bear the balance of the costs of this case.

(R&R, 8.)

{¶6} On November 20, 2023, Respondent filed written objections to the Report and Recommendation.[2] On November 27, 2023, Requester filed a written response in opposition to Respondent's objections.[3]

## II.     Law and Analysis

{¶7} The General Assembly has created an alternative means to resolve public-records disputes through the enactment of R.C. 2743.75. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 11. *See* R.C. 2743.75(A). Under Ohio law a requester "must establish entitlement to relief in an action filed in the Court of Claims under R.C. 2743.75 by clear and convincing evidence." *Viola v. Cuyahoga Cty. Prosecutor's Office*, 8th Dist. Cuyahoga No. 110315, 2021-Ohio-4210, ¶ 16, citing *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.). *See Welsh-Huggins v. Jefferson Cty. Prosecutor's*

---

[2]     Respondent's counsel served Requester with a copy of the written objections "via certified mail," according to the Certificate of Service accompanying Respondent's objections Pursuant to R.C. 2743.75(F)(2), however, a party that objects to a report and recommendation is required to "send[] a copy [of the written objections] to the other party by certified mail, *return receipt requested.*" (Emphasis added.)

[3]     Requester served a copy of his response "via email, as well as certified mail" to Respondent "c/o Julia Lawrence," according to the Certificate of Service accompanying Requester's response. Requester did not serve a copy of his response to the attorneys who are representing Respondent in this matter, according to the accompanying Certificate of Service.

Requester states in his Response,

To help free up additional administrative resources to allow compliance with the Nov. 13 report and recommendation, I am willing to narrow my January 2023 public records request so that it only applies to however many cases the secretary's office eventually determines has resulted in criminal charges. This narrowing would apply to the supporting records the Secretary of State's Office referenced to in its objection on page 3 ("additional responsive records" that haven't yet been released due to technical issues.)

*Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 32.  It is a requester's burden to prove, by clear and convincing evidence, that the requested records  exist and are public records maintained by a respondent.  *See State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, ¶ 8.

{**¶8**} A public-records custodian has the burden to establish the applicability of an exception to disclosure of a public record.  *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, paragraph two of the syllabus.  In *Jones-Kelley*, the Ohio Supreme Court held:

> Exceptions to disclosure under the Public Records Act, R.C. 149.43, are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception. A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception. (*State ex rel.  Carr v. Akron,* 112 Ohio St.3d 351, 2006 Ohio 6714, 859 N.E.2d 948, P 30, followed.)

*Kelley* at paragraph two of the syllabus.

{**¶9**} Pursuant to R.C. 2743.75(F)(2), any objection to a report and recommendation "shall be specific and state with particularity all grounds for the objection."  Here, Respondent "objects to the Special Master's Report and Recommendation insofar as it orders the Secretary's Office to comply within 10 days of the court's entry.".  Respondent states, "Even with best faith efforts, this deadline is unfeasible for the Secretary's Office to conduct this investigation properly."  (Objections at 3.)  Respondent further states:

> Because all prosecutorial decisions are made by the Attorney General's Office or county prosecutors, records that identify charging and prosecution decisions are kept by those offices. The Secretary's authority is limited to investigating violations of election laws and reporting the results of the investigation to the Attorney General's Office, prosecutors, or both. *See* R.C. 3501.05(N). Thus, the Secretary's Office must inquire with those offices—including all 88 Ohio counties—to determine whether individuals

referred by the Secretary's Office were ultimately charged with violating election laws. And the Secretary's Office must make these determinations with utmost care to protect the identities of uncharged suspects and avoid subjecting those individuals to adverse publicity or other negative consequences. Completing this investigation properly and thoroughly within 10 days of the court's entry is simply not achievable.

(Objections at 3-4.)

Notably, however, in the objections Respondent fails to inform the Court how much additional time it estimates is needed for Respondent to complete its investigation and production.

{¶10} Upon consideration of Respondent's objections, the Court finds that the Special Master's recommendation that Respondent comply within 10 days of the date of this judgment is not feasible. The Court therefore SUSTAINS Respondent's objections, and adopts the Report and Recommendation, excepting the recommendation that Respondent be ordered to take required actions within 10 working days of the entry of an R.C. 2743.75(F)(2) order in this case.

{¶11} The Court ORDERS the following: (1) Respondent shall determine which suspects listed in the records previously produced to Requester have been charged and to produce copies of the records previously produced without redactions for any suspects who have been charged, (2) Respondent shall take this action within *30 days* of the date of this Decision and Entry, (3) Requester is entitled to recover from Respondent the amount of the filing fee of twenty-five dollars and any other costs associated with the action that are incurred by the Requester, excepting attorney fees, and (4) court costs are assessed against Respondent. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
LISA L. SADLER
Judge

Filed November 30, 2023
Sent to S.C. Reporter 12/7/23