[Cite as *Staton v. Cuyahoga Falls*, 2023-Ohio-4879.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| MATTHEW STATON | Case No. 2023-00559PQ |
| Requester | Special Master Todd Marti |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| CITY OF CUYAHOGA FALLS | |
| Respondent | |

{¶1} This matter is before the special master for a R.C. 2743.75(F) report and recommendation. He recommends that (1) Respondent be ordered to further investigate which portions of the records filed for in camera review are exempted from production by R.C. 149.43(A)(1)(r), to redact those portions of the records, and to produce the balance of those records within 30 days of the entry a R.C. 2743.75(F)(2) order in this case, (2) Requester recover his filing fees and costs, (3) that Respondent bear the balance of the costs of this case, and (4) that all other relief be denied.

## I.  Background.

{¶2} Requester Matthew Staton is concerned about Respondent City of Cuyahoga Falls' ("The City") efforts to keep sex offenders out of the City's aquatic facilities.  To that end he made two public records requests to the City:

> "Please provide me with copies of all parent/ guardian consent forms that were signed by all minors who have had their valid government id or any other id scanned or searched in any public or private database for sex offenders at any public facility in July and August 2023."

> "Please provide a copy of all records, including names of any person, including employees and season pass holders, that were scanned or otherwise searched in any database, public or private, for sex crimes at any and all public facilities in July and August of 2023." (Sic.)

The City denied that responsive materials existed, and Mr. Staton filed this case to challenge that assertion. The City later found responsive materials, but asserted that they are not public records. *Complaint*, filed August 23, 2023, pp. 1-3; *Response to Complaint*, filed November 28, 2023, pp. 14-19.

{¶3} Mediation did not resolve the case, so the special master set a schedule under R.C. 2743.75(E)(3)(c) for the City to file the responsive materials for in camera review, and for both parties to file evidence and memoranda supporting their positions. Before the City responded to Mr. Staton's original complaint, he filed a pleading that appears to be a petition for mandamus relief. In any event, the case schedule has run its course and the case is ripe for decision. *Order Terminating Mediation*, entered October 31, 2023; *Requester's Response to Respondent's Response*, filed December 4, 2023.

## II. Analysis.

### A. Requester is likely entitled a portion of the materials filed for in camera review.

{¶4} R.C. 149.43(B)(1) obligates public offices to give access to properly requested public records. The City is a public office and does not dispute that Mr. Staton's requests were proper.

{¶5} The City does, however, dispute that the materials Mr. Staton seeks are public records, for two reasons. It first contends that the materials are not public records within the meaning of R.C. 149.43(A)(1) because they are not records as defined by R.C. 149.011(G). Its fallback position is that portions of the materials are exempted from public record status by R.C. 149.43(A)(1)(r), that those portions are inextricably intertwined with the balance of the records, and hence that no portion of the records need be produced.

#### 1. The materials at issue are "records."

{¶6} "'Public record' means *records* kept by any public office[.]" R.C. 149.43(A)(1) (Emphasis added). Materials are therefore only "public record[s]" if they are "record[s]." *State ex rel. Wilson-Simmons v. Lake Cty. Sheriff's Dept.*, 82 Ohio St.3d 37, 41, 693 N.E.2d 789 (1998).

R.C. 149.011(G) defines a record as:

> any document, device, or item, regardless of physical form or characteristic, including an electronic record as defined in section 1306.01 of the Revised Code, created or received by or coming under the jurisdiction of any public office of the state or its political subdivisions, which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office.

That definition establishes three elements. They are that (1) the material in question is a document, device, or item, including an electronic record (2) that was created or received by or coming under the jurisdiction of a public office, (3) that serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office. *State ex rel. Data Trace Information Servs., L.L.C. v. Cuyahoga Cty. Fiscal Officer*, 131 Ohio St.3d 255, 2012-Ohio-753, 963 N.E.2d 1288, ¶ 31.

{¶7} The materials at issue here are several spreadsheets collecting information gathered while determining whether persons 16 years old or older seeking admission to the City's aquatic facilities are sex offenders. That information was collected in furtherance of the City's policy of prohibiting sex offenders from entering the City's facilities. More specifically, the spreadsheets set forth information collected about each person checked for sex offender status and the date/time that information was collected. Those spreadsheets were generated through a Google program and have four columns. The first two columns set forth each person's first and last names. The third sets forth that person's address. The fourth column sets forth the date and time that the information was gathered. *Sealed Documents*, filed November 13, 2023; *Response to Complaint*, pp. 12-13, ¶¶ 5-8.

{¶8} Those materials unquestionably have the first two defining elements of a record. They are "documents" and copies of "electronic records" (the Google spreadsheets). They were "created" by city employees who input the data and are under the City's "jurisdiction" because the City was able to retrieve and file them in this case.

{¶9} They also have the third defining element because they "document the *** policies, *** operations, or other activities of the office."  The spreadsheets were created in the course of executing "a City of Cuyahoga Falls policy which prohibits sex offenders from entering certain City facilities" and verify City employees' actions to implement those

policies. *Response to Complaint*, pp. 12-13, ¶¶ 5-8. They therefore "document" one aspect of one of the City's "policies": the dates and times that it took specific actions to implement the policy against admitting sex offenders to City facilities. They also "document" the City's "operations and *** activities" by memorializing the information that City employees gathered.

{¶10} The existence of the third element is a closer call because of cases holding that names and addresses of private citizens were not records. *State ex rel. McCleary v. Roberts*, 88 Ohio St.3d 365, 725 N.E.2d 1144 (2000); *State ex rel. Beacon Journal Publishing Co. v. Bond*, 98 Ohio St.3d 146, 2002-Ohio-7117, 781 N.E.2d 180; *State ex rel. Dispatch Printing Co. v. Johnson*, 106 Ohio St.3d 160, 2005-Ohio-4384, 833 N.E.2d 274; *State ex rel. Degroot v. Tilsley*, 128 Ohio St.3d 311, 2011-Ohio-231, 943 N.E.2d 1018; *State ex rel. O'Shea & Assocs. Co., L.P.A. v. Cuyahoga Metro. Hous. Auth.*, 131 Ohio St.3d 149, 2012-Ohio-115, 962 N.E.2d 297*; Hicks v. Union Twp.*, 12th Dist. Clermont No. CA2022-10-057, 2023-Ohio-874. There are nonetheless four reasons why those cases do not control here.

{¶11} *First, the cases do not establish a rule that private citizens' names and addresses can never be records.* Indeed, one of those cases recognized that. *Johnson*, 106 Ohio St.3d 160, ¶¶ 39, 41. Other cases and authorities have reached the same conclusion. *State ex rel. Harper v. Muskingum Watershed Conservancy Dist*., 5th Dist. Tuscarawas No. 2013 AP 06 0024, 2014-Ohio-1222, ¶ 9; *Brown v. City of Cleveland*, Ct. of Cl. No. 2018-01426PQ, 2019-Ohio-1819, ¶ 11, adopted, 2019-Ohio-2627; 2004 Ohio Op. Atty. Gen. No. 45*,* at 2-388, 2004 Ohio AG LEXIS 47, * 10 ("the fact that information is personal in nature (e.g., names and addresses) is not, in itself, determinative of whether the information is or is not a public record"); 2014 Ohio Ap. Atty. Gen. No. 29, at 8, n. 8, 2014 Ohio AG LEXIS 28, **21.

{¶12} *Second, private parties' names and addresses can be records if they shed light on government's activities.* The dispositive questions are whether that information "sheds light on an agency's performance of its statutory duties" or "the conduct of any Government agency or official" or whether the "information sought would *** further public's knowledge of the internal workings of governmental agencies." *McCleary*, 88

Ohio St.3d at 368, 369. Accord, *Bond*, 98 Ohio St.3d 146, ¶ 11; *Johnson*, 106 Ohio St.3d 160, ¶¶ 27, 40; 2004 Ohio Atty Gen. Op. No. 45, at 2-391, 2004 Ohio AG LEXIS 47, *18; 2014 Ohio Ap. Atty. Gen. No. 29, at 4, 2014 Ohio AG LEXIS 28, **8. That Information is given record status if it does shed light on those matters. For example, private addresses were treated as records when they would help evaluate public offices' efforts to collect funds due them. *Harper*, 2014-Ohio-1222, ¶¶ 11, 12; 2002 Ohio Op. Atty. Gen. No. 30, at 2-201, 2-202, 2002 Ohio AG LEXIS 32, * 8-10. Similarly, names and addresses were treated as records when they documented how a government official solicited input from his constituents*. Brown*, 2019-Ohio-1819, ¶¶ 9, 11.

{¶13} The evidence establishes that these names and addresses could shed such light. The City's affidavit states that that information was collected to execute the City's policy of excluding sex offenders by comparing those names and addresses to websites identifying sex offenders, presumably using those data points. *Response to Complaint*, pp. 12, 13, ¶¶ 5-8. Access to that information not only documents part of how the City did that work (by documenting the data it collected and when it collected it), it also allows the public to take steps to evaluate the efficacy of the City's work (by allowing those with access to that information to check it against those websites). That brings that information within the class of records.

{¶14} *Third, the precedents require that any question be resolved in favor of finding that the materials are records.* The Supreme Court has held that the open-ended language of R.C. 149.011(G) is a direction for "expansion rather than constriction[.]" *Kish v. City of Akron*, 109 Ohio St.3d 162, 2006-Ohio-1244, 846 N.E.2d 811, ¶ 20. Consistent with that directive, the courts apply the definition according to its "great breadth" and "expansive scope," and resolve doubts in favor of inclusion. *Id.*; *State ex rel. Data Trace Information Servs., L.L.C. v. Cuyahoga Cty. Fiscal Officer*, 131 Ohio St.3d 255, 2012-Ohio-753, 963 N.E.2d 1288, ¶ 30; *State ex rel. Cincinnati Post v. Schweikert*, 38 Ohio St.3d 170, 173, 527 N.E.2d 1230 (1988). Those precedents require that, if there is any doubt about whether the materials are records, that doubt be resolved in favor of record status.

{¶15} *Fourth, the cases that have excluded names and addresses from record status have no bearing on the fourth column of the spreadsheets*. That column contains no names or addresses, but simply records the dates and times that the City collected the information listed in the other columns. That records exclusively governmental activity.

2. **The Respondent has not met its burden of proving that the responsive records are exempt from public record status**, **but should be ordered to further investigate the applicability of R.C. 149.43(A)(1)(r) and to revise its response in accordance with the results of the investigation**.

{¶16} R.C. 149.43(A)(1) provides that "'Public record' means *records kept by* any public office" unless the records are expressly exempted from that status by another provision of that statute. (Emphasis added). The materials at issue here are "records" for the reasons just discussed. The fact that they are "kept" by the City is established by the City's ability to file them here. They are therefore public records unless they are exempted from the class of public records.

{¶17} A public office asserting an exemption from its general duty to provide access to public records bears "the burden *** to plead and prove facts *clearly establishing* the applicability of the exemption." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 27 (emphasis added, internal punctuation omitted). See also, *Id*. at ¶¶ 35, 54. That burden must be carried with "competent, admissible evidence," *Id*. at ¶¶ 53, 77, including extrinsic evidence if the applicability of the exemption is "not obviously apparent and manifest just from the content of the record itself[.]" ¶ 35. See also, *id*. at ¶¶ 30, 50, 53. Courts determine whether an office has met that burden by conducting "an individualized scrutiny of the records in question." *Id*. at ¶ 29.

{¶18} The City asserts that some of the responsive records are exempted from public record status by R.C. 149.43(A)(1)(r) and (10). Those statutes require proof that the records disclose information "pertaining to the recreational activities of a person under the age of eighteen."

{¶19} All the City offers on this point is affidavit testimony that it collects information from person 16 and older and the records filed for review.  Neither that affidavit nor those

records provide any indication of which, if any, portions of those records pertain to persons under 18. That falls short in two ways.

{¶20} First, an office asserting an exemption must—at a minimum—identify the information or record it claims is exempt in order to carry its burden. That is inherent in the settled rules requiring "individualized scrutiny of the records in question" and distinctions between information within a record that must be redacted and what must be released. *State ex rel. Natl. Broadcasting Co. v. City of Cleveland*, 38 Ohio St.3d 79, 526 N.E.2d 786 (1988), paragraph 4 of syllabus. The City's failure to identify the information it claims is exempt is fatal to its exemption claim.

{¶21} Second, and relatedly, the City's evidence does not prove facts "clearly establishing the applicability of the exemption." *Welsh-Huggins*, 163 Ohio St.3d 337, ¶ 27. It does not clearly establish that the records pertain to person under 18 because it does not clearly identify any persons under 18.

{¶22} That failure of proof not only bars the claimed exemption, it also moots the City's argument that it need not produce anything because exempted information is inextricably intertwined with non-exempt information. There is no intertwining because there has been no showing that *any* information is exempted.

{¶23} Although a public office's failure to prove the basis for an exemption normally results in an order to produce the requested records forthwith, that is not always the case. If immediate production would unduly compromise third parties' statutory privacy rights the office may instead be ordered to further investigate whether grounds for the exemption actually exist and to revise its initial response based on what it discovers. *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, ¶ 26; Tobias v. Ohio Secy. of State's Office, Ct. of Cl. No. 2023-00628PQ, 2023-Ohio-4440, ¶ 14, adopted 2023-Ohio-4439.

{¶24} This is such a case. Ordering the immediate production of the records at issue could deprive some people of the privacy they are entitled to under R.C.149.43(A)(1)(r). The City represents that it has the capability to identify a portion of the records fitting within the exemption is asserts based on the type of ID cards used verify identities. *Response to Complaint*, pp. 9-10. The special master therefore

recommends that the City be ordered to take what steps it reasonably can to identify the portions of the responsive records that pertain to persons under 18, to redact those portions, and to produce the balance of the responsive records within 30 days from the date of the court's entry of an R.C. 2743.75(F)(2) order in this case.

**B. Requester is entitled to recover his filing fee and costs.**

{¶25} R.C. 2743.75(F)(3)(b) provides that the "aggrieved person shall be entitled to recover from the public office or person responsible for the public records the amount of the filing fee of twenty-five dollars and any other costs associated with the action[.]" Requester was aggrieved by the City's withholding the responsive records. He is therefore entitled to recover his filing fee and his costs.

**C. Requester is not entitled to the balance of the relief he requested**.

{¶26} Requester also seeks a writ of mandamus, a declaration that the City has violated the Constitution, and damages, but none of those types of relief are available here. This court lacks jurisdiction over mandamus and constitutional claims. *State ex rel. Sultaana v. Mansfield Corr. Inst.*, __ Ohio St.3d. __, 2023-Ohio-1177, __ N.E.3d.__ ¶ 10 (mandamus); *Whitehead v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2022-00436PQ, 2023-Ohio-625, ¶ 10 (constitutional claims). Damages are not available in cases brought under R.C. 2743.75. *Ryan v. City of Ashtabula*, Ct. of Cl. Nos. 2022-00660PQ, 2022-00665PQ, 2022-00680PQ, 2023-Ohio-621, ¶ 23, adopted 2023-Ohio-1487.

**III. Conclusion**.

{¶27} In light of the foregoing the special master recommends that:

A. Respondent be ordered to further investigate which portions of the records filed for in camera review are exempted from production by R.C. 149.43(A)(1)(r), to redact those portions, and to produce the balance of those records within 30 days of the entry a R.C. 2743.75(F)(2) order in this case.

B. Requester recover his filing fees and costs.

C. Respondent bear the balance of the costs of this case, and

D. All other relief be denied.

{¶28} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

TODD MARTI
Special Master

**Filed December 12, 2023**
**Sent to S.C. Reporter 1/4/24**